**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CELESTE C. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case: No. 1:26-cv-01940 |
| | ) |
| WAYFARER FOUNDATION, *et al.*, | ) Honorable Jorge L. Alonso |
| | ) |
| Defendants. | ) |

**THE WAYFARER FOUNDATION'S MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT**

NOW COMES Defendant THE WAYFARER FOUNDATION ("Foundation"), by and through its attorneys Jamie Filipovic and Riley Olson of O'Hagan Meyer LLC, for its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and Rule 12(b)(6). In support, Defendant states as follows:

1. On February 20, 2026 Plaintiff Celeste Smith ("Plaintiff") filed a complaint against Defendant Foundation. [Dkt. 1].

2. Therein, Plaintiff asserted seven causes of action against the Foundation, including: (1) sex-based discrimination and race-based discrimination (Count I); (2) retaliation and retaliatory harassment (Count II); (3) violation of the Age Discrimination in Employment Act (Count III); (4) violation of the Americans with Disabilities Act (Count IV); (5) discrimination in violation of the Illinois Human Rights Act based on age, race, religion, gender, and disability (Count V); (6) retaliation under the Illinois Human Rights Act (Count VI); and (7) promissory estoppel and equitable estoppel under Illinois law (Count VII).

3. The Foundation was a nonprofit organization that closed its doors on July 1, 2025, which was announced on May 2, 2025 when Plaintiff and other staff members were separated from employment. [Dkt. 1 at ¶ 55].

4. Plaintiff's Complaint against the Foundation warrants dismissal in its entirety as it is a paradigmatic example of a conclusory pleading that strings together nearly every conceivable employment-related claim without supplying the factual allegations required to state any of them. Plaintiff relies on vague, generalized allegations of speculation and formulaic recitations of legal elements in Counts I, II, III, IV, V, VI, and VII in violation of Federal Rule of Civil Procedure 12(b)(6). Additionally, Plaintiff fails to allege exhaustion of administrative remedies for Counts V and VI, in violation of Federal Rule of Civil Procedure 12(b)(1).

5. To begin, Plaintiff's race-based, sex-based, and religion-based discrimination claims alleged in Count I are deficient as a matter of law, as Plaintiff fails to allege sufficient facts to support that any adverse employment action occurred because of Plaintiff's protected characteristics (African-American, female, and Muslim).

6. In that same vein, Plaintiff's retaliation and retaliatory harassment claims set forth in Count II likewise fail as a matter of law, and Plaintiff fails to allege that she suffered an adverse employment action for engaging in a protected activity.

7. Additionally, Plaintiff's Age Discrimination in Employment Act (the "ADEA") claim in Count III fails because Plaintiff alleges no facts suggesting that age was the but-for cause of her separation.

8. Moreover, Plaintiff's Americans with Disabilities Act ("ADA") claim alleged in Count IV fails as Plaintiff alleges only a short-term injury from a fall that does not qualify as a disability under the ADA, and even if it did, Plaintiff concedes she received the accommodations she requested and fails to allege her disability was the but-for cause of her separation

9. Furthermore, Plaintiff asserts state law claims of promissory and equitable estoppel in Count VII that fail as a matter of law because Plaintiff fails to establish that an unambiguous

Page **2** of **3**

promise, misrepresentation, or concealment of material fact was made to her by the Foundation, only that a generalized statement was made regarding the anticipated longevity of the Foundation.

10. Lastly, dismissal of Counts V and VI is warranted pursuant to Federal Rule of Civil Procedure 12(b)(1) as Plaintiff brings claims under the Illinois Human Rights Act (the "IHRA"), which is improper as Plaintiff failed to allege that she exhausted the mandatory administrative prerequisites.

11. Accordingly, dismissal of Plaintiff's Complaint against the Foundation is warranted in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1).

WHEREFORE, Defendant, THE WAYFARER FOUNDATION, respectfully requests that this Honorable Court enter an Order granting its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

DATED: May 11, 2026

Respectfully submitted:

THE WAYFARER FOUNDATION

By:/s/ *Jamie L. Filipovic*
One of its attorneys

Jamie L. Filipovic
Riley B. Olson
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone:  312.422.6100
Facsimile:  312.422.6110
jfilipovic@ohaganmeyer.com
rolson@ohaganmeyer.com