**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CELESTE C. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case: No. 1:26-cv-01940 |
| | ) | |
| WAYFARER FOUNDATION, *et al.*, | ) | Honorable Jorge L. Alonso |
| | ) | |
| Defendants. | ) | |

**WAYFARER PATHWAYS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES Defendant WAYFARER PATHWAYS ("Pathways"), by and through its attorneys Jamie Filipovic and Riley Olson of O'Hagan Meyer LLC, for its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and Rule 12(b)(6). In support, Defendant states as follows:

1. On February 20, 2026 Plaintiff Celeste Smith ("Plaintiff") filed a complaint against Defendant Pathways. [Dkt. 1].

2. Therein, Plaintiff asserted seven causes of action against Pathways, including: (1) sex-based discrimination and race-based discrimination (Count I); (2) retaliation and retaliatory harassment (Count II); (3) violation of the Age Discrimination in Employment Act (Count III); (4) violation of the Americans with Disabilities Act (Count IV); (5) discrimination in violation of the Illinois Human Rights Act based on age, race, religion, gender, and disability (Count V); (6) retaliation under the Illinois Human Rights Act (Count VI); and (7) promissory estoppel and equitable estoppel under Illinois law (Count VII).

3. Critically, Pathways was not Plaintiff's employer, and there are no facts alleged to support that it was. Instead, Plaintiff improperly relies on group pleadings by lumping together "Defendants" without identifying that Pathways actually employed Plaintiff or providing any factual basis for treating both entities as Plaintiff's employer.

4. As such, Plaintiff's Complaint against Pathways warrants dismissal in its entirety because Plaintiff fails to plausibly allege that Pathways was her employer, and the allegations set forth in the Complaint itself undermine any such conclusion.

5. Furthermore, Plaintiff fails to allege exhaustion of administrative remedies for Counts V and VI, in violation of Federal Rule of Civil Procedure 12(b)(1).

6. Lastly, Plaintiff asserts state law claims of promissory and equitable estoppel in Count VII that fail as a matter of law because Plaintiff fails to establish that an unambiguous promise, misrepresentation, or concealment of material fact was made to her by Pathways, only that a generalized statement was made regarding the anticipated longevity of the Wayfarer Foundation.

7. Accordingly, dismissal of Plaintiff's Complaint against Pathways is warranted in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1).

## CONCLUSION

WHEREFORE, Defendant, WAYFARER PATHWAYS, respectfully requests that this Honorable Court enter an Order granting its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

DATED: May 11, 2026

Respectfully submitted:

WAYFARER PATHWAYS

By:/s/ *Jamie L. Filipovic*
One of its attorneys

Jamie L. Filipovic
Riley B. Olson
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone:  312.422.6100

Facsimile:   312.422.6110
jfilipovic@ohaganmeyer.com
rolson@ohaganmeyer.com