# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

CELESTE C. SMITH,

        Plaintiff,

vs.

WAYFARER FOUNDATION and
WAYFARER PATHWAYS, and
STEVE SAROWITZ, Individually.

        Defendants.

Case No. 1:26-cv-01940

Hon. Jorge L. Alonso

_____/

| | |
|---|---|
| Melvin Houston (6188334)<br>Attorney for Plaintiff<br>15346 Asbury Park<br>Detroit, MI 48227-1545<br>(313) 835-6479<br>aa4624@wayne.edu | Jamie L. Filipovic<br>Riley B. Olson<br>O'Hagan Meyer, LLC<br>One E. Wacker Dr., Suite 3400<br>Chicago, IL 60601<br>(312) 422-6100 / (f) 312-422-6110<br>jfilipovic@ohaganmeyer.com<br>rolson@ohaganmeyer.com |
| Alice B. Jennings (P29064)<br>**EDWARDS & JENNINGS, P.C.**<br>Attorney for Plaintiff<br>*(Pro Hac Vice Anticipated)*<br>3031 West Grand Blvd., Ste. 435<br>Detroit, MI  48202<br>(313) 961-5000<br>ajennings@edwardjennings.com | |

_____/

## PARTIES' INITIAL STATUS REPORT PURSUANT
## TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)

**1.**    **The Nature of the Case**

**a.**    **Identify the attorneys of record for each party, including the lead trial attorney.**
   (1)    Melvin Houston
          Attorney for Plaintiff

          Edwards & Jennings, P.C.
          Alice B. Jennings
          Attorney for Plaintiff

   (2)    O'Hagan Meyer, LLC
          Jamie L. Filipovic
          Riley B. Olson
          Attorneys for Defendant

**b.**    **State the basis for federal jurisdiction.**
   28 USC §1343(3)
   38 USC §1331
   28 USC §1367

**c.**    **Describe the nature of the claims asserted in the complaint and any counterclaims.**
   Federal Title VII and Illinois State statutes:
   Disparate treatment, race, age, hostile work environment, and retaliation; Promissory estoppel – state law.
   There are no counter claims at this time.

**d.**    **State the major legal and factual issues anticipated in the case.**
   i)    Whether Plaintiff has established a prima facie case for:
         (1)    disparate treatment discrimination, failure to promote and other terms and conditions of employment
         (2)    hostile work environment
         (3)    retaliation under Title VII and Illinois Human Rights state statute

   ii)    Promissory estoppel, burden of proof, elements of claim.

1

iii)     Whether Plaintiff's claims in Counts V and VI under the Illinois Human Rights Act against all Defendants warrant dismissal for failure to allege exhaustion of administrative remedies in violation of FRCP Rule 12(b)(1).

iv)     Whether Plaintiff's claims against Defendant Sarowitz asserted in Counts I, II, III, IV, V, and VI warrant dismissal as a matter of law given that Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Illinois Human Rights Act do not permit individual liability.

v)     Whether Plaintiff's claims for promissory and equitable estoppel against Defendant Sarowitz asserted in Count VII warrant dismissal as a matter of law given that Plaintiff fails to allege Defendant Sarowitz made any unambiguous promise or misrepresentation to Plaintiff.

vi)     Whether Plaintiff's claims against Defendant Wayfarer Pathways asserted in Counts I, II, III, IV, V, and VI warrant dismissal as a matter of law given that Wayfarer Pathways was not and never was Plaintiff's employer and Plaintiff failed to allege any facts to the contrary.

vii)     Whether Plaintiff's claims for promissory and equitable estoppel against Defendant Wayfarer Pathways asserted in Count VII warrant dismissal as a matter of law given that Plaintiff fails to allege Defendant Wayfarer Pathways made any unambiguous promise or misrepresentation to Plaintiff.

viii)     Whether Plaintiff's claims against Defendant The Wayfarer Foundation asserted in Count I fail because Plaintiff fails to allege sufficient facts supporting that any adverse employment action occurred because of Plaintiff's protected characteristics.

ix)     Whether Plaintiff's claims against Defendant The Wayfarer Foundation asserted in Count II fail because Plaintiff fails to allege she suffered an adverse employment action for engaging in a protected activity.

2

x)      Whether Plaintiff's claims against Defendant The Wayfarer Foundation asserted in Count III fail because Plaintiff alleges no facts that her age was the but-for cause of her separation.

xi)      Whether Plaintiff's claims against Defendant The Wayfarer Foundation asserted in Count IV fail because Plaintiff alleges only a short-term injury that does not qualify as a disability under the Americans with Disabilities Act and additionally fails to allege her disability was the but-for cause of her separation;

xii)      Whether Plaintiff's claims for promissory and equitable estoppel against Defendant The Wayfarer Foundation asserted in Count VII warrant dismissal as a matter of law given that Plaintiff fails to allege Defendant The Wayfarer Foundation made any unambiguous promise or misrepresentation to Plaintiff.

e.      **Describe the relief sought by the plaintiff**
- Plaintiff request relief for economic and non-economic damages, including pain and suffering and loss of enjoyment of life.
- Damages related to detrimental reliance on theory of Promissory estoppel.

2.   **Pending Motions and Case Plan**

a.      **Identify all pending motions and propose a briefing schedule if one has not been set.**
Defendant has three (3) Motions to Dismiss pending:
(1)      Wayfarer Pathways' Motion to Dismiss Plaintiff's Complaint
(2)      The Wayfarer Foundation's Motion to Dismiss Plaintiff's Complaint
(3)      Steve Sarowitz's Motion to Dismiss Plaintiff's Complaint

A Scheduling Order has been entered by the Court.

(4) Plaintiff Smith will file a Motion for Leave to file an Amended Complaint, on or before June 19, 2026.

3

**b.** **Submit a proposal for a discovery plan, including the following information:**

**i.** **The general type of discovery needed.**
The parties will initiate written discovery in the form of Interrogatories; Request for Production of Documents; and Request to Admit, by July 15, 2026.

**ii.** **A date for Rule 26(a)(1) disclosures.**
July 10, 2026
Plaintiff will notice for deposition, the following:
- Former Executive Director of Wayfarer Foundation
- Laura Herrick
- Jennifer Weigel, Former Interim Director of Wayfarer
- Steve Sarowitz
- Other witnesses who have not yet been selected

Defendants will notice for deposition, the following:
- Plaintiff, Celeste Smith

**iii.** **A date to issue written discovery**
July 15, 2026

**iv.** **A date to request any amendment of the pleadings**
By September 1, 2026

**v.** **A fact discovery completion date**
Seven (7) months from the date of issuing fact discovery, up to and including January 15, 2027

**vi.** **If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports.**

Should the parties decide that expert discovery is required, then Defendants propose that expert discovery should be completed according to the following schedule:
- i. Within 30 days following the close of fact discovery, up to and including February 15, 2027 (as February 14, 2026 falls on a Sunday), Plaintiff to provide expert report to Defendants;

4

  ii. Within 60 days following the close of fact discovery, up to and including March 16, 2027, the deposition of Plaintiff's expert witness(es) to be completed;

  iii. Within 90 days following the close of fact discovery, up to and including April 15, 2027, Defendants to provide expert report to Plaintiff; and

  iv. Within 120 days following the close of fact discovery, up to and including May 17, 2027 (as May 15, 2027 falls on a Sunday), the deposition of Defendants' expert witness(es) to be completed.

Alternatively, Plaintiff proposes that expert discovery should be completed according to the following schedule:

  i. Within 30 days following the close of fact discovery, up to and including February 15, 2027 (as February 14, 2026 falls on a Sunday), Plaintiff to provide expert report to Defendants;

  ii. Within 30 days thereafter, up to and including March 17, 2027, Defendants to provide expert reports to Plaintiff.

  **vii. A date for the filing of dispositive motions**

  60 days after all discovery has closed. Pursuant to the above-referenced expert discovery schedule, expert discovery will be completed on or around May 17, 2027. As such, any dispositive motions will be filed by July 16, 2027.

 **c. With respect to trial, indicate whether a jury trial is requested and the probable length of trial.**

 A jury trial is requested, approximately eight (8) days.

**3. Consent to Proceed Before a Magistrate Judge**

 **a. Indicate whether the parties consent unanimously to proceed before a Magistrate Judge**

 The parties do not consent to proceeding before a Magistrate Judge.

**4. Status of Settlement Discussions**

 **a. Indicate whether any settlement discussions have occurred**

Plaintiff presented a demand that was issued prior to litigation commencing. Defendants did not respond to that demand after litigation commenced and no further discussions have occurred.

**b.      Describe the status of any settlement discussions.**
The parties did not exchange positions.

**c.      Whether the parties request a settlement conference.**
The parties may consider a referral to the Magistrate Judge for purposes of a settlement conference and, if appropriate, will file a motion or provide written notice to the Court once both parties have obtained the requisite authority to proceed.

Respectfully submitted,

/s/ Melvin Houston

Melvin Houston (6188334)
Attorney for Plaintiff
15346 Asbury Park
Detroit, MI 48227-1545
(313) 835-6479
aa4624@wayne.edu

/s/ Jamie L. Filipovic

Jamie L. Filipovic (#6278943)
Riley B. Olson (#6346332)
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, IL 60601
(312) 422-6100 / (f) 312-422-6110
jfilipovic@ohaganmeyer.com
rolson@ohaganmeyer.com

/s/ Alice B. Jennings

Alice B. Jennings (P29064)
**EDWARDS & JENNINGS, P.C.**
Attorney for Plaintiff
*(Pro Hac Vice Anticipated)*
3031 West Grand Blvd., Ste. 435
Detroit, MI  48202
(313) 961-5000
ajennings@edwardjennings.com