# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

CELESTE C. SMITH,

        Plaintiff,

vs.

WAYFARER FOUNDATION and
WAYFARER PATHWAYS, and
STEVE SAROWITZ, Individually.

        Defendants.

Case No. 1:26-cv-01940
Hon. Jorge L. Alonso

      /

---

Melvin Houston (6188334)
Attorney for Plaintiff
15346 Asbury Park
Detroit, MI 48227-1545
(313) 835-6479
aa4624@wayne.edu

Jamie L. Filipovic
Riley B. Olson
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, IL 60601
(312) 422-6100 / (f) 312-422-6110
jfilipovic@ohaganmeyer.com
rolson@ohaganmeyer.com

Alice B. Jennings (P29064)
**EDWARDS & JENNINGS, P.C.**
Attorney for Plaintiff *(Pro Hac Vice)*
3031 West Grand Blvd., Ste. 435
Detroit, MI 48202
(313) 961-5000
ajennings@edwardjennings.com

      /

---

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT WAYFARER FOUNDATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, CELESTE C. SMITH, by and through her attorneys, Edwards & Jennings, P.C., by Alice B. Jennings and Melvin Houston, and for Plaintiff's Response in Opposition to Defendant Wayfarer Foundation's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(1) and Rule 12(b)(6), states as follows:

1.     Admit, Plaintiff filed her Complaint on February 20, 2026. (**Ex. 1, Complaint.**)

2.     Admit that Plaintiff Smith alleged seven (7) causes of action against Defendant Wayfarer Foundation.

3.     Denied, after Defendant Wayfarer Foundation closed, selected Foundation employees continued to work with Defendant Wayfarer Pathways, under Steve Sarowitz.

4.     Denied, Plaintiff states specific facts regarding Counts I, II, III, IV, V, VI and VII, in her Complaint as even a cursory review would confirm. Plaintiff Smith is not required to plead her Complaint with all elements but, pursuant to Fed. R. Civ. P. Rule 8(a)(2), a Complaint requires a short and plain statement of the claim showing that the pleader is entitled to relief. A Complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the… claim is and the grounds upon which it rests." Here, Plaintiff has met and exceeded the

8(a)(2) pleading requirement. *Bell Atl. Corp. v. Twombly,* 550 U.S> 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007).

5.     Denied, Plaintiff, as an over age forty (40), African American female and Muslim, plead in her Complaint Count I, at ¶68, "As a direct and proximate result of said disparate treatment acts and omissions, under Title VII, Civil Rights Act of 1965..." Plaintiff explicitly pleads "direct consequences" of Defendants' race, gender and religious discrimination.

6.     Denied, Count II of Plaintiff's Complaint, ¶s 72 and 73, make clear that "as a direct consequence of Plaintiff's protected activity by asserting her rights and that of others...,

     g.     Terminating Plaintiff overnight without any notice, even though she was on the "Executive Team."

     h.     Replacing Plaintiff with a younger non-African American, male, Bahá'í faith employee."

7.     Denied, Plaintiff's Count III states, in ¶77, in 2025 Plaintiff was replaced in her Senior Program Director position by a younger employee. Plaintiff at the time of her termination was fifty-two (52) years and her replacement was at least eight (8) years younger.

8.     Denied, Plaintiff's status under the Americans with Disability Act ("ADA') as a person with a work restriction was subjected to harassment by being forced to perform work beyond her restriction/accommodation, thus interfering with

her protected status, and was terminated on May 2, 2025 while she was on a four (4) hour per day work restriction. The Defendant Wayfarer Foundation continued to operate through July 1, 2025, two months after Plaintiff was terminated; and then moved selected employees to its Wayfarer Pathways office to perform the same work as the Foundation's.

9. Denied, Plaintiff's state law promissory estoppel, Count VII, is unambiguous and states a claim where the promise was made by the highest level employee CEO/Executive Director Laura Herrick, who had authority and approval from the Board, including Board President Steve Sarowitz.

10. Denied, Plaintiff's EEOC complaint and Illinois Human Rights Act charges were filed concurrently and both federal and state charges were exhausted, as plead in Plaintiff's Complaint, ¶s 13 and 14, showing "concurrent" charge with EEOC, Charge No. 440-2025-08700, and "Notice of Right to Sue" issued on November 25, 2025. Defendants' counsel is aware of the concurrent jurisdiction as the same law firm represented the Defendants in the EEOC/IHRA charge. (**Ex. 1,** Plaintiff's Complaint; and **Ex. 2,** Illinois Human Rights Act Letter of Concurrent Jurisdiction.)

11. Denied, dismissal is not warranted in its entirety under Fed. R. Civ. P. Rule 12(b)(1) or 12(b)(6).

4

WHEREFORE, Defendant Wayfarer Foundation's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) should be denied with no cost assessed; and alternatively, to the extent the Court finds Plaintiff Smith should supplement her Complaint, Plaintiff has filed a companion Plaintiff's Motion for Leave to File A First Amended Complaint.

WHEREFORE, Plaintiff Celeste Smith, respectfully requests this Honorable Court enter an Order Denying Defendant Wayfarer Foundation's Motion to Dismiss and to grant Plaintiff's Motion for Leave to File a First Amended Complaint if required by this Court.

Respectfully submitted,

EDWARDS & JENNINGS, P.C.

By: /s/ *Alice B. Jennings*
     Alice B. Jennings (P29064)
     Attorney for Plaintiff
     ajennings@edwardsjennings.com

By: /s/ Melvin Houston
     Melvin Houston (6188334)
     Attorney for Plaintiff
     aa4624@wayne.edu

Dated: June 19, 2026

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

CELESTE C. SMITH,

        Plaintiff,

vs.

WAYFARER FOUNDATION and
WAYFARER PATHWAYS, and
STEVE SAROWITZ, Individually.

        Defendants.

Case No. 1:26-cv-01940
Hon. Jorge L. Alonso

/

Melvin Houston (6188334)
Attorney for Plaintiff
15346 Asbury Park
Detroit, MI 48227-1545
(313) 835-6479
aa4624@wayne.edu

Alice B. Jennings (P29064)
**EDWARDS & JENNINGS, P.C.**
Attorney for Plaintiff *(Pro Hac Vice)*
3031 West Grand Blvd., Ste. 435
Detroit, MI 48202
(313) 961-5000
ajennings@edwardjennings.com

Jamie L. Filipovic
Riley B. Olson
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, IL 60601
(312) 422-6100 / (f) 312-422-6110
jfilipovic@ohaganmeyer.com
rolson@ohaganmeyer.com

/

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT WAYFARER FOUNDATION'S MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT

# I. STATEMENT OF FACTS

## A. Plaintiff Smith's Complaint Alleges Facts That Avoid Dismissal Under Fed. R. Civ. P. 12(b)(1) And 12(b)(6)

This suit was brought by Plaintiff, Celeste C. Smith, a then fifty-two (52) year old, Muslim, female African American who has been subjected to age, religion, gender and race discrimination, including disparity of treatment and hostile work environment by her joint employers, Defendant Wayfarer Foundation and Wayfarer Pathways. Plaintiff, after engaging in protected activity, experienced retaliation by Defendants, including intensely hostile actions by Steve Sarowitz, as Board President of Defendant Wayfarer Foundation and Founder and Owner of Defendant Wayfarer Pathways, in violation of Title VII of the Civil Rights Act of 1964 as amended and codified at 42 USC §2000 *et. seq*, based on gender, religion, and race; the Age Discrimination In Employment Act of 1967 (ADEA), based on age and Americans with Disabilities Act (ADA). (**Ex. 1,** Plaintiff's Complaint, dated February 20, 2026.)

Plaintiff Smith also brings counts under the Illinois Human Rights Act (IHRA) for age, religion, gender, race and disability discrimination. Plaintiff's Complaint pleads she was retaliated against after she engaged in protected activity by advising Defendants of her claims.

Plaintiff Smith exhausted her administrative remedies and was given a Right to Sue letter after filing an Equal Employment Opportunity Commission (EEOC)

charge, which was concurrent with her Illinois Human Rights Act (IHRA) charge. (**Ex. 2,** IHRA Concurrent Charge.)

Plaintiff Smith brings an Illinois state law claim for Promissory Estoppel, resulting in damages after Plaintiff detrimentally relied upon Defendants' promises, made repeatedly by Defendant Wayfarer Foundation CEO/Executive Director; and Founder and Board President Steve Sarowitz, that the Defendant Wayfarer Foundation would not be "sunset" or discontinued for fifteen (15) years. The Defendant Foundation "sunset" in four (4) years after multiple discrimination complaints were filed.

Plaintiff Smith was aggressively recruited in 2023, into the position of Officer of Arts, by the then Executive Director of the Wayfarer Foundation, Laura Herrick. Plaintiff ended her employment at The Pittsburgh Foundation, as a Senior Program Officer, to work as an employee at the newly formed Wayfarer Foundation, a private non-profit arm of the Wayfarer Pathways, a for profit corporation.

During the negotiations to be hired, Plaintiff Smith was adamant that she required a secure position, because she had three (3) children; two minors and one young adult who required support and medical insurance. Defendant utilized the fifteen (15) years "sunset" as the inducement for Plaintiff to leave her position at the Pittsburgh Foundation. Plaintiff Smith would not have left her other position,

3

moving her family from Pennsylvania to Illinois, without the security she was promised.

Defendant Steve Sarowitz was the Chairman of the Board of Directors for the Defendants Wayfarer Foundation and owner of Wayfarer Pathways with binding decision making power in both organizations.

Plaintiff, in ¶18 of her Complaint, states the linking corporate relationship between Defendants Wayfarer Foundation and Wayfarer Pathways showing a joint employer relationship with Plaintiff:

> The Wayfarer Foundation, a private non-profit organization, was founded by businessman Steve Sarowitz and actor Justin Baldoni in 2019, it began operating in 2021. The Wayfarer Foundation was a philanthropic branch of Wayfarer Pathways, the for-profit umbrella parent corporation. The Human Resources functions for Defendant Wayfarer Foundation at all times during its operations were administered by Wayfarer Pathways, including Plaintiff's hire in 2021, the medical leave and accommodations and termination on May 2, 2025.

In December 2023, Plaintiff Smith was promoted to the position of Program Director. Less than a year later, in August 2024, Plaintiff was again promoted to Senior Program Director, with nine (9) direct reports, which placed her on Defendants' "Executive Team."

Plaintiff Smith's performance reviews were excellent under Executive Director CEO Laura Herrick.

On or about October 24, 2024, Plaintiff's work environment became hostile when Defendant Steve Sarowitz, the founder and President of the Board of the Wayfarer Foundation, a non-profit; and Founder of Wayfarer Pathways, for profit corporation began a pattern of hostility toward Plaintiff and those who practiced the Muslims religion. Sarowitz was hostile toward Muslim employees and questioned their religious beliefs and loyalty to the Defendants. Plaintiff was a member of the Nation of Islam, also known as "Black Muslims," which Sarowitz negatively and hostilely questioned Plaintiff about. (See **Ex. 1,** pp. 9-13, ¶s 30-42.)

In October, after Defendant's Executive Director Herrick took a leave of absence in January 2025, and then resigned after Sarowitz engaged in public disparagement of those who supported the Palestinian people or "cause." Defendant Sarowitz moved into the position of Executive Director/CEO of the Defendant Foundation requiring Plaintiff Smith to report directly to him.

On the occasion that Defendant Sarowitz engaged in anti-Muslim statements, expressing anti-Palestine, at a conference at First Nations Gathering, Plaintiff was also attending, Plaintiff tried to discuss his outward hostility towards Muslims and Palestinians while at the conference, because attendees were fearful of his reaction. Sarowitz got angry with Plaintiff.

Plaintiff Smith was retaliated against by Defendant Sarowitz, Executive Director/CEO, by not being considered or interviewed for the opened Executive

Director/CEO position. Jennifer Weigel, a Baha'i Faith white, non-African American was hired, in late March 2025, who was less qualified than Plaintiff and had limited experience in non-profit work.

Defendant Sarowitz's retaliatory treatment of Plaintiff worsened after Interim Executive Director Weigel was hired. From late March 2025, until her termination on May 2, 2025, Plaintiff was excluded from strategy meetings and decision making spaces where she had previously held a leadership role, causing conflict with Plaintiff's hiring role. Defendant Sarowitz insisted on hiring mostly Baha'i faith candidates.

On March 31, 2025, Plaintiff was injured in a fall while at home. Plaintiff was unable to work until April 11, 2025. Plaintiff requested an accommodation under the ADEA to work parttime, four (4) hours per day. The restriction was granted by Defendant Wayfarer Pathways' Human Resources Department, by Lori Kleinman, the Director of Human Resources.

While Plaintiff was on restricted work, she was harassed by Interim Director Weigel to work beyond her four (4) hours per day restriction which resulted in an interference with her ADA rights.

On or about the end of January 2025, the behavior of Weigel, under Sarowitz's instruction, became so severe and hostile, Plaintiff reached out and filed a discrimination complaint, based on her disability, with Minito Reasnor, the contract

Human Resources employee at the Foundation, due to harassing conduct she was experiencing from Weigel. Executive Director Weigel also asked questions about "which rib" had a contusion and bruise, which was a violation of Plaintiff's rights under the ADA. (*Ibid.*, **Ex. 1,** pp. 14-15, ¶49.)

After Defendant Sarowitz's and Interim Executive Director Jennifer Weigel's disparate treatment and retaliatory conduct grew worse, Plaintiff filed a formal complaint on April 23, 2025, with Defendant Wayfarer Foundation Board President and with Defendant Wayfarer Pathway's leadership and Owner of Pathways Sarowitz, Interim Executive Director Weigel of the Foundation, Chief Operating Officer of Pathways Elyse Lilwack, and Wayfarer Pathways' Human Resources Director, Lori Kilman. Plaintiff Smith, in pertinent part of the Human Resources Complaint states clear protected activity:

> "the recent termination of Minito's[1] contract along with other developments, have raised deep concerns for me about the organizational climate of the Wayfarer Foundation. I have experienced the environment as increasingly inhospitable and believe I am being subjected to discriminatory treatment based on my religion (Muslim) and race (Black)." (*Ibid.*, pp. 16-17, ¶52.)

Within days after Plaintiff filed the Human Resources civil rights complaint, based on her religion and race, with Defendant Wayfarer Pathways, Plaintiff was abruptly terminated on May 2, 2025, while she remained on her restricted

---

[1] Minito was a contract hire, performing Human Resources investigations for Defendant Wayfarer Foundation.

accommodation under the Americans with Disabilities Act. At the time Defendants terminated Plaintiff, the non-profit arm, Defendant Foundation, of Defendant Wayfarer Pathways had only been operational for less than four (4) years of the fifteen (15) years "sunset provision," which 15 year projection had been chronicled in a film by Defendant Sarowitz and announced repeatedly in Plaintiff's presence.

Defendant Wayfarer Foundation, not joint employer Pathways, did not require Defendant Wayfarer Pathways Human Resources to investigate the Plaintiff's civil rights complaints, instead they responded by retaliatorily terminating Plaintiff and moving the selected employees, as of July 1, 2025, inside of Wayfarer Pathways, naming the Department "Private Giving Wayfarer Pathways" with Defendant Sarowitz coordinating the Department. Defendant Wayfarer replaced Plaintiff with a younger, non-African American Bahá'í faith, male Foundation employee.

Plaintiff, from May 2, 2025 to present, has not been transferred to the Defendant's "Private Giving Wayfarer Pathways" or notified of any continued employment, like over eighty (80%) percent of other Foundation employees.

Plaintiff's Complaint explicitly requests:

> "4.    Plaintiff Smith seeks all available remedies, including any and all damages allowable under the Title VII, ADEA, ADA, and Illinois Human Rights Act; and Promissory Estoppel and Equitable Estoppel law in Illinois."

## II.    LEGAL STANDARD

8

**A.** **Fed. R. Civ. P. 12(b)(1) Federal Jurisdiction Is Challenged By A 12(b)(1) Motion. Here Plaintiff Has Established 12(b)(1) Jurisdiction In Her Complaint By Properly Pleading Claims In Her Complaint Under Federal Statute Counts I-VII After Exhausting Her Concurrent EEOC/IHRA Charge.**

The Defendants' Fed. R. Civ. P. 12(b)(1) Motion is a facial attack of the allegations made by Plaintiff Smith in her Complaint. If a 12(b)(1) motion challenges whether the Complaint alleges sufficient facts, the court accepts all material allegations as true and construes them in the light most favorable to the non-movant. *Schere v Rhodes,* 416 US 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), overruled on other grounds by *Harlow v Fitzgerald,* 457 US 800, 102 S. Ct. 2727, 73 L. Ed. 3d 396 (1982). The court does not look beyond the allegations of the complaint. *Apex Dig., Inc v Sears Roebuck & Co,* 572 F. 3d 440, 443-44 (7th Cir. 2009).

**B.** **Fed. R. Civ. P. 12(b)(6) Allows Plaintiff Smith To Proceed As She Properly Pleads Counts Under Both Federal And State Statutes In Conformity To Fed. R. Civ. P. 8(a)(2)**

Pursuant to Fed. R. Civ. P. Rule 8(a)(2), a complaint requires a short and plain statement of the claim showing that the pleader is entitled to relief. A Complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the…claim is and the grounds upon which its rests." *Bell Atl. Corp. v Trombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted tests the formal sufficiency of the plaintiff's statement of its claim for relief. A Rule 12(b)(6) motion is appropriate if the plaintiff has not provided fair notice of his claim with factual allegations that, when accepted as true, are plausible and not merely speculative. *Ashcroft v Iqbal,* 556 US 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d. 888 (2009); *Bell Atl. Corp. v Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v Mitchell,* 696 F.3d 635, 637 (7th Cir. 2012.) To survive a Rule 12(b)(6) motion, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Twombly,* 550 U.S. at 570. A plaintiff need not plead detailed factual allegations but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* at 555.

The 7th Circuit reviews in deciding a motion to dismiss under Rule 12(b)(6), that a court accepts, as true, all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Burke v 401 N. Wabash Venture, LLC,* 714 F.3d 501, 504 (7th Cir. 2013). In the complaint, the factual allegations contained within the complaint must "raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 US at 555 (internal citations omitted).

## III. ARGUMENT

### A. Plaintiff Exhausted Her Illinois Human Rights Act (IHRA) Charge Where It Was "Cross-Filed" With Plaintiff's EEOC Charge

Plaintiff's Complaint sufficiently pleads the exhaustion of her IHRA charge:

13. On November 25, 2025, Plaintiff Smith, then a terminated employee of Defendants Wayfarer Foundation and Wayfarer Pathways, filed an Equal Employment Opportunity Commission (EEOC) Charge No. 440-2025-08780 with charges of: Violation of Title VII; Violation of Age Discrimination in Employment Act (ADEA), Violation of Americans with Disability Act (ADA), and Violation of the Illinois Human Rights Act, filed concurrently with the EEOC charge.

14. On or about November 25, 2025, Plaintiff Smith received a "Notice of a Right to Sue" email from the EEOC, dated November 25, 2025, for her Charge No. 440-2025-08780. This claim is being timely filed. (See Complaint, Doc. #1; **Ex. 1, ¶s** 13 and 14.)

Moreover, the State of Illinois Department of Human Rights issued Plaintiff Smith a letter verifying that her claims were being cross-filed with the IDHR, concurrent with her Federal EEOC charge. The December 3, 2025 letter addresses Plaintiff's right to file in federal court:

Re:  Celeste Smith vs Wayfarer Foundation/Wayfarer Pathways
      IDHR Control #26120382 (EEOC #440-2025-08780)

You are receiving this letter because you filed a charge with the United States Equal Employment Opportunity Commission (EEOC). The EEOC and the Illinois Department of Human Rights (DHR) are parties to a cooperative agreement. Under this agreement, a copy of the

discrimination charge you filed with the EEOC was automatically **cross-filed** with IDHR. IDHR is keeping a copy of your EEOC charge on file to preserve jurisdiction under Illinois law.

Since you filed your discrimination charge initially with the EEOC, the EEOC is the governmental agency responsible for investigating your charge. The Department will take no action on your charge until the EEOC issues its findings. <u>After the EEOC issues its findings</u>, you have 30 days after service of the EEOC's findings on you to either:
- Request that IDHR adopt EEOC's findings so that you may file a complaint in the appropriate circuit court; OR
- Request that IDHR investigate your charge allegations under Illinois law.

This letter does not apply to you if you choose to file a complaint in federal court or if the parties settled the EEOC charge. You may also choose to take no further action. (**Ex. 2**, State of Illinois, Department of Human Rights, dated December 3, 2025.)

Plaintiff's Complaint has met the requirements of Fed. R. Civ. P. 12(b)(1) and 12(b)(6) where she has exhausted both federal and state charges concurrently and has pled such in her Complaint at ¶s 13 and 14.

> **B.  Plaintiff Has Pled, Under Fed. R. Civ. P. 12(b)(6) Sufficient Facts To State A Claim Under Title VII**
>
> **1.  Plaintiff's Sex Based Discrimination Count I Under Title VII Pleads That She Was Replaced By A Male Employee In May 2025, After Defendants Terminated Her.**

Plaintiff's Complaint states specifically gender biased discrimination:

56. Plaintiff learned that all other staff continued to work at Defendant Wayfarer Foundation until June 30, 2025, including the staff that reported directly to Plaintiff Smith. After June 30, 2025, 83% of the former Wayfarer Foundation staff was transferred to Pathways doing philanthropic work in a Department of Wayfarer Pathways. The person who was designated to perform the leadership role Plaintiff

previously performed, is a younger **male** employee who is of the Bahá'í religion, without a disability or accommodation.

Explicitly stated in Count I, Plaintiff pleads sex based discrimination:

b. **Denying Plaintiff similar, and/or same opportunities, as compared to her white non-Muslim coworkers, with respect to the opportunity to progress to the Executive Director position; and replacing Plaintiff with a white, male Bahá'í after she was terminated on May 2, 2025, in the transferred department of Private Giving, Wayfarer Pathways.**

Defendants cannot deny that Plaintiff's Complaint pled gender discrimination.

### 2. Plaintiff Specifically Pled in Count I, That Race Was A Factor In The Discrimination She Experienced Up To And Including Defendants' Conduct Of Terminating Her

Plaintiff Smith has met the pleading requirement of Fed. R. Civ. P. 8(a) which requires "a short and plain statement of the claim."

Plaintiff's Complaint Count I states specifically race based facts: ¶67, subparagraphs b, d, f, g, and l, and race based facts:

67. Defendants Wayfarer Foundation, Wayfarer Pathways, and Steve Sarowitz, individually, have subjected Plaintiff Smith to sex, **race**, and religious discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000, *et. seq.* including but not limited to the following acts, as set forth in the Statement of Facts, herein and above:

b. **Denying Plaintiff similar, and/or same opportunities, as compared to her white non-Muslim coworkers, with respect to the opportunity to progress to the Executive Director position; and replacing Plaintiff with a white, male**

Bahá'í after she was terminated on May 2, 2025, in the transferred department of Private Giving, Wayfarer Pathways.

d. Not allowing Plaintiff to perform her duties without bias based on race and/or religion.

f. Having Plaintiff evaluate grants and fund giving, using race and religion as a criterion.

l. Not promptly and remedially addressing complaints made to Human Resources based on protected classifications under race and/or religious hostile work environment.

Clearly, Plaintiff has alleged that Jennifer Weigel and the non-African American male who replaced her as Senior Program Director after May 2, 2025, referenced in her Complaint, were favored and treated better than she based on race. *Ortiz v Werner Enters. One*, 834 F.3d 760 at 766.

**C. Plaintiff's Facts And Statements Under Count I Pleads Religion Based Discrimination And Defendants' Own Mission Statement Establishes It Is Not A Religious Non-Profit**

The Defendant Wayfarer Foundation was not a religious organization as defined by the U.S. Supreme Court in *Hasanna Tabor Evangelical Lutheran Church and School v EEOC*, 565 US 171 (2012). The *Hasanna Tabor* case recognized a "ministerial exception" a constitutional freedom of "religious organizations" select ministers or clergy without having to comply with Title VII, the ADEA and ADA and/or their state or federal statutes governing employment.

An organization to qualify as a religious organization and utilize the "ministerial exception" as employee must meet certain criterion:

- the formal title given to the employee by the religious institution;

- the substantive actions reflected by the title (i.e. the qualifications required to be granted such a title);

- the employee's understanding and use of the title; and

- the important religious functions performed by the employees holding that title.

Here, Plaintiff Smith 1) was never advised that the Foundation, or Pathways, were religious "institutions;" the primary purpose of the Foundation was to grant non-profit organizations funds to do community or other philanthropic work; 2) Plaintiff's title of Senior Program Director did not reflect a ministerial or religious character; 3) Plaintiff did not understand her title and work duties to be religious in nature or ministerial; and 4) Plaintiff's role was never a religious function, but at its core was the evaluation of non-profits for potential grant funding.

Defendants' citation to 7th Circuit cases are factually distinguishable from Plaintiff's facts, as each of the cases cited were announced as religious organizations in whole or in part.

## D. Plaintiff Smith's retaliation Complaint is properly pled.

Plaintiff's factual statements of retaliation are properly pled in her Complaint:

49. The behavior of the Interim Executive Director Weigel and under the instruction of Defendant Sarowitz, became so severe and hostile, Plaintiff reached out and filed a discrimination complaint against Executive Director Weigel because of her harassing treatment during the time she was recuperating from a very serious and painful rib contusion and bruise. Plaintiff, home after a possible fractured rib, was asked, "Which rib?," by Interim Executive Director Weigel. Though Weigel knew Plaintiff was in severe pain and on an accommodated approved schedule, Plaintiff should continue working on "strategy documents" and was denied an extension despite her accommodation status. Interim Director Weigel told Plaintiff, "I know you're use to white people making rushed decisions, but that's not what this is." Plaintiff was shocked and offended by the racialized remark and knew requiring her to work during an approved time off, well over her restricted limit for an injury, was not legal under Defendants' policies and procedures, or federal or state law. Plaintiff was in physical pain and felt pressured by her Executive Director telling her she needed "quick wins" while in her interim position of Executive Director so she could hold on to the position with Steve. Plaintiff knew that the Wayfarer Foundation had a race disparity problem from discussing the issue with her staff and reviewing a documentation of race bias in a paper written by an African American Wayfarer Foundation Board member. Plaintiff knew this treatment by Weigel was retaliatory also for her recent formal complaint of discrimination and retaliation. The disability complaint was filed with a Human Resources contractor.

71. In April 2025, Plaintiff engaged in protected activity by filing complaints of race and religious discrimination with Defendants' Human Resources contractor; and after the Human Resources contractor representative was abruptly terminated with Defendant Wayfarer Pathways, Human Resources Director and its executives.

72. As a direct consequence of Plaintiff's protected activity by asserting her rights for others and herself, Defendants, individually and/or personally, have subjected Plaintiff Smith to retaliation and retaliatory harassment, creating a hostile retaliatory environment, and creating adverse changes in the terms and conditions of her employment, including but not limited to:

Talking to Plaintiff about her religion and expressing disdain for her Muslim faith or others who practice the faith.

a. Not trusting Plaintiff even though her performance reviews were consistently excellent.

b. Refusing to consider Plaintiff for the Interim Executive Director position; instead, hiring a less qualified non-African American, white Bahá'í person with no experience in the field.

c. Eliminating Plaintiff from attendance at leadership meetings of the Executive Board.

d. Talking to Plaintiff in a hostile and angry tone in front of her colleagues and direct reports.

e. Requiring Plaintiff to evaluate grant applications for Blacks and Muslims in a more restrictive manner, asking questions of Plaintiff which were illegal and placing a higher level of scrutiny on recipients.

f. Terminating Plaintiff overnight without any notice, even though she was on the "Executive Team."

g. Replacing Plaintiff with a younger non-African American, male, Bahá'í faith employee.

Plaintiff filed a complaint, on April 23, 2025, with Defendant Pathways Human Resources Department where all complaints were directed after Human Resources contractor Minito Reasnor was terminated abruptly as shown in Plaintiff's Complaint, ¶s 52 and 53.

Defendants' request to dismiss Plaintiff's Retaliation Count II, should be denied as Plaintiff Smith has met the pleading requirements of Fed. R. Civ. P. 8(a),

17

12(b)(1) and 12(b)(6). Defendants' caselaw and argument, where no discovery has been started, are premature at best, and totally disingenuine, where Plaintiff's April 23, 2025 Complaint states, "I have experienced the environment as increasingly inhospitable and believe I am being subjected to discriminatory treatment based on my religion (Muslim) and race (Black). (See **Ex. 1, ¶**52.)

### E. Plaintiff's Age Discrimination Employment Act (ADEA) Complaint Has Been Pled Where A Younger Male Replaced Plaintiff After She Was Terminated On May 2, 2025

A younger male was placed in her position of Senior Program Director After Plaintiff was terminated. Defendants cannot dispute that this fact is in Plaintiff's Complaint.

A review of the Complaint, ¶s 74-80, shows that Plaintiff has pled a violation of ADEA under Fed. R. Civ. P. 8(a)(2).

### F. Plaintiff Meets The Requirements of Pleading A Count Under The ADA Complaint Removes Weigel As A Younger Employee Under The ADEA By Showing Interference Where She Was Being Forced To Work Beyond Her Restriction Of Four (4) Hours Per Day And Was Terminated While Still On Restriction; Both Interference With Her Rights And Harassment Under The Act

Plaintiff's Complaint, ¶81-85, show Plaintiff Smith properly pled her Complaint, stating a claim under ADA.

Defendants' Motion to Dismiss Plaintiff's Complaint should fail where the ADA allows for temporary severe conditions. *Gogos v AMS Systems Mechanical Systems,* 737 F 3d. 1170 (7th Cir. 2013).

18

Plaintiff Smith was fired while Defendant Foundation coworkers continued to work until July 1, 2025, then such selected employees were transferred by Steve Sarowitz to the Defendant Wayfarer Pathways Giving Department, to continue the same work they were performing at the Defendant Wayfarer Foundation.

Plaintiff's pleading shows that the male employee who replaced Plaintiff as the leader was not on restricted work, nor did he have a stated disability, even a temporary one, nor was he perceived as disabled. See *Gogos*.

### G. Like Plaintiff's Federal Claims, Her Complaint States Under Fed. R. Civ. P. A Properly Pled Claim Under Illinois Human Rights Act.

Plaintiff's Count V for Gender, Age, And Race has been properly pled under the IHRA, ¶¶91-102.

### H. Plaintiff Has Pled Under Fed. R. Civ. P. A Promissory Estoppel Count.[2]

The *Genzyme Corporation v Discount Drugs Wisconsin, Inc.*, 2010 US Dist. LEXIS 96145 (2010) case is instructive on Illinois Promissory Estoppel.

Here, Plaintiff's Complaint, ¶s 108-114, state facts which allow Plaintiff to proceed with her Count.

### COUNT VII
### PROMISSIORY ESTOPPEL AND EQUITABLE ESTOPPEL RESULTING IN DETRIMENTAL RELIANCE AS TO ALL DEFENDANTS UNDER ILLINOIS LAW

---

[2] Plaintiff will not proceed with her Equitable Estoppel Count and will request that it be dismissed without prejudice.

108. Plaintiff repeats, realleges and incorporates paragraph 1 through 107 as set forth here and above by reference.

109. Defendants, through their agents and representatives, induced Plaintiff to believe, through its promises of employment with a base pay and substantive benefits, to leave her employment and to join Defendants with the future promise of advancement.

110. Defendants, through their agents and representatives, induced through promises Plaintiff to believe, through its offer, that she was hired and would maintain such employment at least through its sunsetting of the Wayfarer Foundation. (See **Ex. 1**.)

111. Defendants, through their agents and representatives, in June 2023, hired Plaintiff to the Wayfarer Foundation and knew that Plaintiff was relying on its promises.

"Under Illinois law, a party alleging promissory estoppel must show: (1) the defendant made an unambiguous promise to the plaintiff; (2) the plaintiff relied on the promise; and (3) such reliance was both reasonable and (4) detrimental to the plaintiff. *Newton Tractor Sales, Inc. v. Kubba Tractor Corp.*, 233 Ill. 2d 46, 51, 906 N.WE. 2d 52, 523-24, 329 Ill. Dec. 322 (Ill. 2009). Promissory estoppel applies when consideration does not support contract formation, although it requires a showing of both offer and acceptance to succeed. *Dumas v Infinity Broadcasting Corp.,*, 416 F.3d 671, 677 (7th Cir. 2005); *Bank of Marion v Robert "Chick" Fritz, Inc.*, 57 Ill. 2d 120, 124, 311 N.E. 2d 138, 140 (Ill. 1974).

In *Genzyme* the court states in a promissory estoppel case a promise does not

have to be expressed:

"An unambiguous promise is clearly required, but the promise need not be expressed in the way Abbott states. In the context of promissory estoppel, "[a] promise may be inferred from conduct and words." *Falk v UHH Home Services Corp.*, 835 F. Supp. 1078, 1080. Liberally construed, the Amended Complaint sufficiently alleges conduct by

20

Abbott that could constitute a promise to pay rebates on wholesale sales of Gengraf." *[ABJ – that's how it was spelled in original I typed]*

The *Genzyme* case is instructive on authority and agency of an executive, like Defendant Wayfarer Foundation's CEO and Executive Director, in aggressively recruiting Plaintiff Smith, had the authority to do so:

> "The Amended Complaint further alleges that Abbott managers, who presumably had authority to bind the company, expressly 'solicited' Discount Drugs to sell Gengraf to wholesalers. (*Id.* at ¶16.) 'Solicit' is defined as 'to make a petition to' and 'to approach with a request or plea.'" Merriam-Webster's Collegiate Dictionary 1187 (11[th] ed. 2003.) (*Ibid.*, at 23.)

After Plaintiff received multiple interviews, she was hired with Defendant Sarowitz, Chairperson of the Board, approving her hire. Sarowitz knew Plaintiff was giving up her position with the Pittsburgh Foundation and moving her family. Repeatedly, after her June 2023 hire, Sarowitz repeated the "sunset" provision was fifteen (15) years from date of its creation.

## IV.   CONCLUSION

WHEREFORE, Plaintiff Smith respectfully requests Defendant Wayfarer Foundation's Motion to Dismiss be denied and the Court dismiss, without prejudice, Plaintiff's Equitable Estoppel Claim.[3]

---

[3] Plaintiff request that Promissory Estoppel claim proceed.

Respectfully submitted,

EDWARDS & JENNINGS, P.C.

By: /s/ *Alice B. Jennings*
    Alice B. Jennings (P29064)
    Attorney for Plaintiff
    ajennings@edwardsjennings.com

By: /s/ Melvin Houston
    Melvin Houston (6188334)
    Attorney for Plaintiff
    aa4624@wayne.edu

Dated: June 19, 2026

## Certificate of Service

The undersigned certifies she caused a copy of Plaintiff's Response in Opposition to Defendant Wayfarer Foundation's Motion to Dismiss to be filed electronically with the Clerk of the Court on June 19, 2026, and the Clerk will serve the same upon all counsel of record in this action.

/s/ Alice B. Jennings
Alice B. Jennings