## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

CELESTE C. SMITH,

                Plaintiff,

vs.

WAYFARER FOUNDATION and
WAYFARER PATHWAYS, and
STEVE SAROWITZ, Individually.

           Defendants.

Case No. 1:26-cv-01940
Hon. Jorge L. Alonso

/

| | |
|---|---|
| Melvin Houston (6188334)<br>Attorney for Plaintiff<br>15346 Asbury Park<br>Detroit, MI 48227-1545<br>(313) 835-6479<br>aa4624@wayne.edu | Jamie L. Filipovic<br>Riley B. Olson<br>O'Hagan Meyer, LLC<br>One E. Wacker Dr., Suite 3400<br>Chicago, IL 60601<br>(312) 422-6100 / (f) 312-422-6110<br>jfilipovic@ohaganmeyer.com<br>rolson@ohaganmeyer.com |

Alice B. Jennings (P29064)
**EDWARDS & JENNINGS, P.C.**
Attorney for Plaintiff *(Pro Hac Vice)*
3031 West Grand Blvd., Ste. 435
Detroit, MI 48202
(313) 961-5000
ajennings@edwardjennings.com

/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
## WAYFARER PATHWAYS' MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, CELESTE C. SMITH, by and through her attorneys, Edwards & Jennings, P.C., by Alice B. Jennings and Melvin Houston, and for Plaintiff's Response in Opposition to Defendant Wayfarer Pathways' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(1) and Rule 12(b)(6), states as follows:

1.     Admit, Plaintiff filed her Complaint on February 20, 2026. (**Ex. 1, Plaintiff's Complaint.**)

2.     Admit that Plaintiff Smith alleged seven (7) causes of action against Defendant Wayfarer Pathways.

3.     Denied, Defendant Wayfarer Pathways was a co-employer with Wayfarer Foundation, to Plaintiff Smith:

- The Defendant Foundation did not have a Human Resources Department.
- Steve Sarowitz had joint meetings between the Executive Committees of Pathways and the Foundation.
- Plaintiff's medical leave of absence was submitted for approval to Pathways Human Resources Department
- Plaintiff's request for medical accommodation was submitted for approval to Pathways Human Resources Department
- Plaintiff's April 23, 2025 Human Resources complaint was submitted to Pathways' Human Resources Department
- Plaintiff received a call in which she was terminated from Defendant Wayfarer Pathways on May 2, 2026 with Chief Operating Officer for Pathways Elyse Lilwack delivering the news of termination.
- Plaintiff's coworkers, and direct reports, continue to perform philanthropic work under "corporate giving" at Defendant Wayfarer Pathways with Defendant Sarowitz "managing" their work.

4. Denied, Plaintiff's Complaint should not be dismissed against Defendant Pathways as it was the co-employer of Plaintiff Smith, from her full tenure at Defendant Wayfarer Foundation. Steve Sarowitz controlled both the Foundation's and Pathways' philanthropic staff and goals and objectives.

5. Denied, Plaintiff exhausted administrative remedies with her Illinois Human Rights Department charge, as it was processed concurrently with Plaintiff's EEOC charge. (**Ex. 2,** Letter from Illinois Department of Human Rights.)

6. Denied, Plaintiff Smith has properly pled, in Count VII, a state law claim of promissory estoppel where Plaintiff Smith asked, in her interview, specific questions about longevity of the Foundation in the position, due to her responsibilities as a mother with two minor children, and one young adult child. Plaintiff moved her family from Pittsburgh, Pennsylvania to Chicago, Illinois.

7. Denied that Plaintiff's Complaint against Defendant Wayfarer Pathways should be dismissed.

WHEREFORE, Plaintiff respectfully requests Defendant Wayfarer Pathways' Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) should be denied, without costs assessed.

Respectfully submitted,

EDWARDS & JENNINGS, P.C.

By: /s/ Alice B. Jennings

3

Alice B. Jennings (P29064)
Attorney for Plaintiff
ajennings@edwardsjennings.com

By:   /s/ Melvin Houston
      Melvin Houston (6188334)
      Attorney for Plaintiff
      aa4624@wayne.edu

Dated: June 19, 2026

4

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

CELESTE C. SMITH,

        Plaintiff,

vs.

WAYFARER FOUNDATION and
WAYFARER PATHWAYS, and
STEVE SAROWITZ, Individually.

        Defendants.

Case No. 1:26-cv-01940
Hon. Jorge L. Alonso

/

Melvin Houston (6188334)
Attorney for Plaintiff
15346 Asbury Park
Detroit, MI 48227-1545
(313) 835-6479
aa4624@wayne.edu

Jamie L. Filipovic
Riley B. Olson
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, IL 60601
(312) 422-6100 / (f) 312-422-6110
jfilipovic@ohaganmeyer.com
rolson@ohaganmeyer.com

Alice B. Jennings (P29064)
**EDWARDS & JENNINGS, P.C.**
Attorney for Plaintiff *(Pro Hac Vice)*
3031 West Grand Blvd., Ste. 435
Detroit, MI 48202
(313) 961-5000
ajennings@edwardjennings.com

/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT WAYFARER PATHWAYS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## I.   STATEMENT OF FACTS

### A.   Plaintiff Smith's Complaint Alleges Facts That Avoid Dismissal Under Fed. R. Civ. P. 12(b)(1) And 12(b)(6)

This suit was brought by Plaintiff, Celeste C. Smith, a then fifty-two (52) year old, Muslim, female African American who has been subjected to age, religion, gender and race discrimination, including disparity of treatment and hostile work environment by her joint employers, Defendant Wayfarer Foundation and Wayfarer Pathways. Plaintiff, after engaging in protected activity, experienced retaliation by Defendants, including intensely hostile actions by Steve Sarowitz, as Board President of Defendant Wayfarer Foundation and Founder and Owner of Defendant Wayfarer Pathways, in violation of Title VII of the Civil Rights Act of 1964 as amended and codified at 42 USC §2000 *et. seq*, based on gender, religion, and race; the Age Discrimination In Employment Act of 1967 (ADEA), based on age and Americans with Disabilities Act (ADA). (**Ex. 1,** Plaintiff's Complaint, dated February 20, 2026.)

Plaintiff Smith also brings counts under the Illinois Human Rights Act (IHRA) for age, religion, gender, race and disability discrimination. Plaintiff's Complaint pleads she was retaliated against after she engaged in protected activity by advising Defendants of her claims.

Plaintiff Smith exhausted her administrative remedies and was given a Right to Sue letter after filing an Equal Employment Opportunity Commission (EEOC)

2

charge, which was concurrent with her Illinois Human Rights Act (IHRA) charge. (**Ex. 2,** IHRA Concurrent Charge.)

Plaintiff Smith brings an Illinois state law claim for Promissory Estoppel, resulting in damages after Plaintiff detrimentally relied upon Defendants' promises, made repeatedly by Defendant Wayfarer Foundation CEO/Executive Director; and Founder and Board President Steve Sarowitz, that the Defendant Wayfarer Foundation would not be "sunset" or discontinued for fifteen (15) years. The Defendant Foundation "sunset" in four (4) years after multiple discrimination complaints were filed.

Plaintiff Smith was aggressively recruited in 2023, into the position of Officer of Arts, by the then Executive Director of the Wayfarer Foundation, Laura Herrick. Plaintiff ended her employment at The Pittsburgh Foundation, as a Senior Program Officer, to work as an employee at the newly formed Wayfarer Foundation, a private non-profit arm of the Wayfarer Pathways, a for profit corporation.

During the negotiations to be hired, Plaintiff Smith was adamant that she required a secure position, because she had three (3) children; two minors and one young adult who required support and medical insurance. Defendant utilized the fifteen (15) years "sunset" as the inducement for Plaintiff to leave her position at the Pittsburgh Foundation. Plaintiff Smith would not have left her other position,

moving her family from Pennsylvania to Illinois, without the security she was promised.

Defendant Steve Sarowitz was the Chairman of the Board of Directors for the Defendants Wayfarer Foundation and owner of Wayfarer Pathways with binding decision making power in both organizations.

Plaintiff, in ¶18 of her Complaint, states the linking corporate relationship between Defendants Wayfarer Foundation and Wayfarer Pathways showing a joint employer relationship with Plaintiff:

> The Wayfarer Foundation, a private non-profit organization, was founded by businessman Steve Sarowitz and actor Justin Baldoni in 2019, it began operating in 2021. The Wayfarer Foundation was a philanthropic branch of Wayfarer Pathways, the for-profit umbrella parent corporation. The Human Resources functions for Defendant Wayfarer Foundation at all times during its operations were administered by Wayfarer Pathways, including Plaintiff's hire in 2021, the medical leave and accommodations and termination on May 2, 2025.

In December 2023, Plaintiff Smith was promoted to the position of Program Director. Less than a year later, in August 2024, Plaintiff was again promoted to Senior Program Director, with nine (9) direct reports, which placed her on Defendants' "Executive Team."

Plaintiff Smith's performance reviews were excellent under Executive Director CEO Laura Herrick.

4

On or about October 24, 2024, Plaintiff's work environment became hostile when Defendant Steve Sarowitz, the founder and President of the Board of the Wayfarer Foundation, a non-profit; and Founder of Wayfarer Pathways, for profit corporation began a pattern of hostility toward Plaintiff and those who practiced the Muslims religion. Sarowitz was hostile toward Muslim employees and questioned their religious beliefs and loyalty to the Defendants. Plaintiff was a member of the Nation of Islam, also known as "Black Muslims," which Sarowitz negatively and hostilely questioned Plaintiff about. (See **Ex. 1,** pp. 9-13, ¶s 30-42.)

In October, after Defendant's Executive Director Herrick took a leave of absence in January 2025, and then resigned after Sarowitz engaged in public disparagement of those who supported the Palestinian people or "cause." Defendant Sarowitz moved into the position of Executive Director/CEO of the Defendant Foundation requiring Plaintiff Smith to report directly to him.

On the occasion that Defendant Sarowitz engaged in anti-Muslim statements, expressing anti-Palestine, at a conference at First Nations Gathering, Plaintiff was also attending, Plaintiff tried to discuss his outward hostility towards Muslims and Palestinians while at the conference, because attendees were fearful of his reaction. Sarowitz got angry with Plaintiff.

Plaintiff Smith was retaliated against by Defendant Sarowitz, Executive Director/CEO, by not being considered or interviewed for the opened Executive

Director/CEO position. Jennifer Weigel, a Baha'i Faith white, non-African American was hired, in late March 2025, who was less qualified than Plaintiff and had limited experience in non-profit work.

Defendant Sarowitz's retaliatory treatment of Plaintiff worsened after Interim Executive Director Weigel was hired. From late March 2025, until her termination on May 2, 2025, Plaintiff was excluded from strategy meetings and decision making spaces where she had previously held a leadership role, causing conflict with Plaintiff's hiring role. Defendant Sarowitz insisted on hiring mostly Baha'i faith candidates.

On March 31, 2025, Plaintiff was injured in a fall while at home. Plaintiff was unable to work until April 11, 2025. Plaintiff requested an accommodation under the ADEA to work parttime, four (4) hours per day. The restriction was granted by Defendant Wayfarer Pathways' Human Resources Department, by Lori Kleinman, the Director of Human Resources.

While Plaintiff was on restricted work, she was harassed by Interim Director Weigel to work beyond her four (4) hours per day restriction which resulted in an interference with her ADA rights.

On or about the end of January 2025, the behavior of Weigel, under Sarowitz's instruction, became so severe and hostile, Plaintiff reached out and filed a discrimination complaint, based on her disability, with Minito Reasnor, the contract

6

Human Resources employee at the Foundation, due to harassing conduct she was experiencing from Weigel. Executive Director Weigel also asked questions about "which rib" had a contusion and bruise, which was a violation of Plaintiff's rights under the ADA. (*Ibid.*, **Ex. 1,** pp. 14-15, ¶49.)

After Defendant Sarowitz's and Interim Executive Director Jennifer Weigel's disparate treatment and retaliatory conduct grew worse, Plaintiff filed a formal complaint on April 23, 2025, with Defendant Wayfarer Foundation Board President and with Defendant Wayfarer Pathway's leadership and Owner of Pathways Sarowitz, Interim Executive Director Weigel of the Foundation, Chief Operating Officer of Pathways Elyse Lilwack, and Wayfarer Pathways' Human Resources Director, Lori Kilman. Plaintiff Smith, in pertinent part  of the Human Resources Complaint states clear protected activity:

> "the recent termination of Minito's[1] contract along with other developments, have raised deep concerns for me about the organizational climate of the Wayfarer Foundation. I have experienced the environment as increasingly inhospitable and believe I am being subjected to discriminatory treatment based on my religion (Muslim) and race (Black)." (*Ibid.*, pp. 16-17, ¶52.)

Within days after Plaintiff filed the Human Resources civil rights complaint, based on her religion and race, with Defendant Wayfarer Pathways, Plaintiff was abruptly terminated on May 2, 2025, while she remained on her restricted

---

[1] Minito was a contract hire, performing Human Resources investigations for Defendant Wayfarer Foundation.

7

accommodation under the Americans with Disabilities Act. At the time Defendants terminated Plaintiff, the non-profit arm, Defendant Foundation, of Defendant Wayfarer Pathways had only been operational for less than four (4) years of the fifteen (15) years "sunset provision," which 15 year projection had been chronicled in a film by Defendant Sarowitz and announced repeatedly in Plaintiff's presence.

Defendant Wayfarer Foundation, not joint employer Pathways, did not require Defendant Wayfarer Pathways Human Resources to investigate the Plaintiff's civil rights complaints, instead they responded by retaliatorily terminating Plaintiff and moving the selected employees, as of July 1, 2025, inside of Wayfarer Pathways, naming the Department "Private Giving Wayfarer Pathways" with Defendant Sarowitz coordinating the Department. Defendant Wayfarer replaced Plaintiff with a younger, non-African American Bahá'í faith, male Foundation employee.

Plaintiff, from May 2, 2025 to present, has not been transferred to the Defendant's "Private Giving Wayfarer Pathways" or notified of any continued employment, like over eighty (80%) percent of other Foundation employees.

Plaintiff's Complaint explicitly requests:

"4.     Plaintiff Smith seeks all available remedies, including any and all damages allowable under the Title VII, ADEA, ADA, and Illinois Human Rights Act; and Promissory Estoppel and Equitable Estoppel law in Illinois."

## II.  LEGAL STANDARD

A.  **Fed. R. Civ. P. 12(b)(1) Federal Jurisdiction Is Challenged By A 12(b)(1) Motion. Here Plaintiff Has Established 12(b)(1) Jurisdiction In Her Complaint By Properly Pleading Claims In Her Complaint Under Federal Statute Counts I-VI After Exhausting Her Concurrent EEOC/IHRA Charge.**

The Defendants' Fed. R. Civ. P. 12(b)(1) Motion is a facial attack of the allegations made by Plaintiff Smith in her Complaint. If a 12(b)(1) motion challenges whether the Complaint alleges sufficient facts, the court accepts all material allegations as true and construes them in the light most favorable to the non-movant. *Schere v Rhodes,* 416 US 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), overruled on other grounds by *Harlow v Fitzgerald,* 457 US 800, 102 S. Ct. 2727, 73 L. Ed. 3d 396 (1982). The court does not look beyond the allegations of the complaint. *Apex Dig., Inc v Sears Roebuck & Co,* 572 F. 3d 440, 443-44 (7th Cir. 2009).

B.  **Fed. R. Civ. P. 12(b)(6) Allows Plaintiff Smith To Proceed As She Properly Pleads Counts Under Both Federal And State Statutes In Conformity To Fed. R. Civ. P. 8(a)(2)**

Pursuant to Fed. R. Civ. P. Rule 8(a)(2), a Complaint requires a short and plain statement of the claim showing that the pleader is entitled to relief. A Complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the…claim is and the grounds upon which its rests." *Bell Atl. Corp. v Trombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007).

9

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted tests the formal sufficiency of the plaintiff's statement of its claim for relief. A Rule 12(b)(6) motion is appropriate if the plaintiff has not provided fair notice of his claim with factual allegations that, when accepted as true, are plausible and not merely speculative. *Ashcroft v Iqbal,* 556 US 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d. 888 (2009); *Bell Atl. Corp. v Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v Mitchell,* 696 F.3d 635, 637 (7th Cir. 2012.) To survive a Rule 12(b)(6) motion, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Twombly,* 550 U.S. at 570. A plaintiff need not plead detailed factual allegations but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* at 555.

The 7th Circuit reviews in deciding a motion to dismiss under Rule 12(b)(6), that a court accepts, as true, all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Burke v 401 N. Wabash Venture, LLC,* 714 F.3d 501, 504 (7th Cir. 2013). In the complaint, the factual allegations contained within the complaint must "raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in

fact)." *Twombly,* 550 US at 555 (internal citations omitted).

## III.   LEGAL ARGUMENT ANALYSIS

**A.   Wayfarer Pathways And Wayfarer Foundation Were Plaintiff's Joint Employer Whereas Here All The Human Resources Administrative Responsibilities Were Completed By Pathways Including Plaintiff's Medical Leave And Termination And Defendant Sarowitz Was Founder Of Both The Wayfarer Foundation and Wayfarer Pathways**

In *Frey v Hotel Coleman,* No. 17-22 *[ABJ – cannot make out your edit]* (7th

Cir. 2018) the Court evaluates the burden of proof, established a joint employer

relationship in an employment discrimination matter.

> On appeal, Frey asks us to find that the district court erred in determining that Vaughn Hospitality was not Frey's employer. It is undisputed that Hotel Coleman employed Frey. It signed and funded her paychecks, issued her a W-2 for each year of employment, and owned the Hotel where she worked. For Title VII purposes, however, a plaintiff can have more than one employer. *Love,* 779 F. 3d at 701.
>
> The place to begin when evaluating the existence vel non of a joint employment relationship is Knight v. United Farm Bureau Mut. Ins. Co., 950 F.2d 377, 378–79 (7th Cir. 1991). Knight instructs that a court in this circuit must employ an "economic realities" test which is, in its essence, an application of general principles of agency law to the facts of the case. Id. at 378; Love, 779 F.3d at 702. In doing so, a court must consider the following:
>
>> (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses,

11

> workplace, and maintenance of operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations.

Knight, 950 F.2d at 378–79. Of these factors, "the employer's right to control is the most important," and a court must give it the most weight. Id. at 378.

*Frey* states the Illinois Human Rights Act test for employer is strikingly similar to the *Knight* test. (at 378-379.)

Utilizing the *Knight* factors above, 1) it is clear that both Defendant Wayfarer Pathways and the Wayfarer Foundation had control over Plaintiff, where Defendant Sarowitz was the Founder President of the Board of the Foundation, a non-profit; and was the owner and controlled the Pathways, for profit company. Indeed Pathways Human Resources approved Plaintiff's medical and her restrictions, then the Pathways Chief Operating Officer, offering her a small severance, terminated Plaintiff on May 2, 2025; 2) the type of occupation as an Executive in the Foundation allowed for joint meetings and work with both staffs and contact with Foundation Board President and Pathways owner, Sarowitz; 3) the cost of the Wayfarer Foundation was paid for initially through an endowment by Sarowitz initially and in an ongoing fashion by Pathways' financial support and fundraising by the Board, which included Sarowitz, the founder of both entities; 4) after Plaintiff Smith was injured, Defendant Pathways' Human Resources Department processed Plaintiff's medical leave, approved her leave and approved her request for accommodation

12

under the ADA; and 5) Plaintiff was employed for the three (3) years she had committed to the Foundation position long term, moving her children from Pittsburgh, Pennsylvania where she had built an excellent reputation with contacts in the philanthropic community and made a long term commitment to the Foundation through its remaining sunset period of twelve years. Utilizing the factors of *Knight*, most significantly "the employer's right to control," it is clear that a "joint employee/employer relationship existed between Plaintiff and Wayfarer Pathways.

Defendant Wayfarer Pathways abruptly terminated Plaintiff's employment, offering her no opportunity to perform her role at Pathways, like the other employees who were not on ADA status; and had not engaged in protected activity based on race and/or religion; there is no doubt that Pathways was a joint employer under 7th Circuit law as it exercised the ultimate control offering.

**B.  Plaintiff Pled Exhaustion In Her Concurrent EEOC/IHRA Charges Where She Received A Right To Sue Letter And A Letter From The Illinois Department of Human Rights Advising Of Her Rights**

Plaintiff's Complaint, ¶s 43 and 44 plead the exhaustion and concurrent charges. A letter from the Human Rights Department describes that process of going to Federal Court. (See **Ex. 2,** Letter dated December 3, 2025.)

**C.  Plaintiff Has Pled Under Fed. R. Civ. P. A Promissory Estoppel Count.**

The *Genzyme Corporation v Discount Drugs Wisconsin, Inc.*, 2010 US Dist.

LEXIS 96145 (2010) case is instructive on Illinois Promissory Estoppel:

> "Unlike its predecessor, the Amended Complaint also alleges that Abbott is promissorily estopped from refusing to pay rebates on the Gengraf Discount Drugs sold to wholesalers. Under Illinois law, a party alleging promissory estoppel must show: (1) the defendant made an unambiguous promise to the plaintiff; (2) the plaintiff relied on the promise; and (3) such reliance was both reasonable and (4) detrimental to the plaintiff. *Newton Tractor Sales, Inc. v. Kubba Tractor Corp.*, 233 Ill. 2d 46, 51, 906 N.WE. 2d 52, 523-24, 329 Ill. Dec. 322 (Ill. 2009). Promissory estoppel applies when consideration does not support contract formation, although it requires a showing of both offer and acceptance to succeed. *Dumas v Infinity Broadcasting Corp.*, 416 F.3d 671, 677 (7th Cir. 2005); *Bank of Marion v Robert "Chick" Fritz, Inc.*, 57 Ill. 2d 120, 124, 311 N.E. 2d 138, 140 (Ill. 1974).

Like this case, the court's examination of the Complaint shows a promise need

not be expressed, but can be inferred from conduct and words:

> Examining the Amended Complaint with these principles in mind, the Court concludes that it does state a claim for promissory estoppel – though just barely. As with the contract issue, Abbott does not address the full scope of Illinois law on promissory estoppel. An unambiguous promise is clearly required, **but the promise need not be expressed in the way Abbott states. In the context of promissory estoppel, "[a] promise may be inferred from conduct and words."** *Falk v UHH Home Services Corp.*, 835 F. Supp. 1078, 1080. Liberally construed, the Amended Complaint sufficiently alleges conduct by Abbott that could constitute a promise to pay rebates on wholesale sales of Gengraf. Discount Drugs contends that Abbott helped it fill out applications for rebates on wholesale sales, encouraged it to make these sales throughout the parties' course of dealing, and even paid some wholesale rebates. The Court expresses no opinion on the truth or the probability of these allegations. But if discovery supports them, it is plausible that such conduct could "convey" an unambiguous promise to pay wholesale rebates, *Stuart Park,* 846 F. Supp. At 712-13, particularly in light of the allegation that Abbott, in fact, paid them for a time. That is

14

all that *Twombly* and *Iqbal* require to survive a Rule 12(b)(6) challenge. See *Swanson,* 614 F.3d 400, 2010 U.S. App. LEXIS 15761, 2010 WL 2977297, at *3.

Here, Plaintiff pleads a Cout for promissory estoppel, both in words where she advised Defendant CEO/Executive Director who had the authority to bind the Defendant that she needed security. Defendants, including Sarowitz, allowed Plaintiff to make the move. Then just three years into the tenure, Plaintiff was abruptly terminated.

## COUNT VII
## PROMISSIORY ESTOPPEL AND EQUITABLE ESTOPPEL RESULTING IN DETRIMENTAL RELIANCE AS TO ALL DEFENDANTS UNDER ILLINOIS LAW

108.  Plaintiff repeats, realleges and incorporates paragraph 1 through 107 as set forth here and above by reference.

109.  Defendants, through their agents and representatives, induced Plaintiff to believe, through its promises of employment with a base pay and substantive benefits, to leave her employment and to join Defendants with the future promise of advancement.

110.  Defendants, through their agents and representatives, induced through promises Plaintiff to believe, through its offer, that she was hired and would maintain such employment at least through its sunsetting of the Wayfarer Foundation.

111.  Defendants, through their agents and representatives, in June 2023, hired Plaintiff to the Wayfarer Foundation and knew that Plaintiff was relying on its promises.

112.  Defendants affirmed to Plaintiff that the promises made to her were actual as shown by her promotions and increase in pay, bonuses and other terms and conditions of employment. Plaintiff was not told by any of the Defendants, including individual Defendant

15

Sarowitz, that discrimination and retaliation, including disparate treatment and hostile work environment, were present in Defendants' Foundation and Pathways corporation.

113. Defendants closed down the Wayfarer Foundation after it operated for less than five (5) years, to Plaintiff's detriment where Plaintiff relied on the promise of fifteen (15) years prior to "sunset," to terminate her previous employment,

114. As a direct and proximate result of Plaintiff's reliance on Defendants' promises, Plaintiff suffered damages which consists of past and future loss of income, bonuses, benefits, all of which are required to support her family and self.

WHEREFORE, Plaintiff Celeste Smith, requests this Court enter judgment in her favor and against Defendants, granting relief for lost wages, benefits, compensatory damages for the amount she is found to be entitled; including non-economic damages, exemplary damages commensurate with the wrong, costs and attorney fees and/or equitable relief that appears appropriate at the time of trial.

Defendants cannot state that Plaintiff has not stated a claim whereas the above pleading shows Plaintiff has showed both through words and actions of the Foundation leadership.

## IV. CONCLUSION

Plaintiff respectfully requests this Court deny Defendant Wayfarer Pathways Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) where Plaintiff has pled her case under Fed. R. Civ. P. 8(a)(2).

Respectfully submitted,

EDWARDS & JENNINGS, P.C.

By:  /s/ *Alice B. Jennings*
     Alice B. Jennings (P29064)
     Attorney for Plaintiff
     ajennings@edwardsjennings.com

By:  /s/ Melvin Houston
     Melvin Houston (6188334)
     Attorney for Plaintiff
     aa4624@wayne.edu

Dated: June 19, 2026

## Certificate of Service

The undersigned certifies she caused a copy of Plaintiff's Response in Opposition to Defendant Wayfarer Pathways' Motion to Dismiss to be filed electronically with the Clerk of the Court on June 19, 2026, and the Clerk will serve the same upon all counsel of record in this action.

/s/ Alice B. Jennings
Alice B. Jennings

17