## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

CELESTE C. SMITH,

        Plaintiff,

vs.

WAYFARER FOUNDATION and
WAYFARER PATHWAYS, and
STEVE SAROWITZ, Individually.

        Defendants.

Case No. 1:26-cv-01940
Hon. Jorge L. Alonso

/

Melvin Houston (6188334)
Attorney for Plaintiff
15346 Asbury Park
Detroit, MI 48227-1545
(313) 835-6479
aa4624@wayne.edu

Jamie L. Filipovic
Riley B. Olson
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, IL 60601
(312) 422-6100 / (f) 312-422-6110
jfilipovic@ohaganmeyer.com
rolson@ohaganmeyer.com

Alice B. Jennings (P29064)
**EDWARDS & JENNINGS, P.C.**
Attorney for Plaintiff *(Pro Hac Vice)*
3031 West Grand Blvd., Ste. 435
Detroit, MI 48202
(313) 961-5000
ajennings@edwardjennings.com

/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT STEVE SAROWITZ'S (INDIVIDUALLY) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, CELESTE C. SMITH, by and through her attorneys, Edwards & Jennings, P.C., by Alice B. Jennings and Melvin Houston, and for Plaintiff's Response in Opposition to Individual Defendant Steve Sarowitz's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(1) and Rule 12(b)(6), states as follows:

1. Admit, Plaintiff filed her Complaint on February 20, 2026. (**Ex. 1, Complaint.**)

2. Admit, that Plaintiff Smith alleged seven (7) causes of action against Steve Sarowitz, individually.

3. Plaintiff stipulates only to dismiss, without prejudice, Defendant Steve Sarowitz individual claims, but not his claims as an agent, employee, Board President, Founder and owner of both Defendants Wayfarer Foundation and Wayfarer Pathways, Counts I, II, III, IV and V. Plaintiff proceeds with her state law claim against individual count of Sarowitz, Counts VI, Retaliation under Illinois Human Rights Act.

4. Plaintiff Smith files a companion Motion for Leave to File a First Amended Complaint to plead additional facts on Count VII of Plaintiff's Promissory Estoppel Count; and requesting that the Equitable Estoppel claim be dismissed without prejudice with specific discovery conducted.

5.    Deny, that Plaintiff's Count VII, Promissory Estoppel and Equitable Count, should be dismissed with prejudice against Defendant Sarowitz, individually. Plaintiff Smith requests for leave to file a First Amended Complaint with additional factual development, if the Court allows such.

6.    Denied, that all claims should be dismissed against Defendant Steve Sarowitz individually, pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6).

WHEREFORE, Plaintiff Celeste Smith, respectfully requests this Honorable Court enter an Order Dismissing Without Prejudice Sarowitz's individual Counts I-V and Denying Defendant Sarowitz's individual Counts VI and VII, on Promissory Estoppel. Plaintiff requests the Court dismiss the Equitable Estoppel claim without prejudice.

Respectfully submitted,

EDWARDS & JENNINGS, P.C.

By:___ /s/ *Alice B. Jennings*_____
        Alice B. Jennings (P29064)
        Attorney for Plaintiff
        ajennings@edwardsjennings.com

By:    /s/ Melvin Houston_____
        Melvin Houston (6188334)
        Attorney for Plaintiff
        aa4624@wayne.edu

Dated: June 19, 2026

3

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

CELESTE C. SMITH,

        Plaintiff,

vs.

WAYFARER FOUNDATION and
WAYFARER PATHWAYS, and
STEVE SAROWITZ, Individually.

        Defendants.

Case No. 1:26-cv-01940
Hon. Jorge L. Alonso

/

Melvin Houston (6188334)
Attorney for Plaintiff
15346 Asbury Park
Detroit, MI 48227-1545
(313) 835-6479
aa4624@wayne.edu

Jamie L. Filipovic
Riley B. Olson
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, IL 60601
(312) 422-6100 / (f) 312-422-6110
jfilipovic@ohaganmeyer.com
rolson@ohaganmeyer.com

Alice B. Jennings (P29064)
**EDWARDS & JENNINGS, P.C.**
Attorney for Plaintiff *(Pro Hac Vice)*
3031 West Grand Blvd., Ste. 435
Detroit, MI  48202
(313) 961-5000
ajennings@edwardjennings.com

/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT STEVE SAROWITZ'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, CELESTE C. SMITH, by and through her attorneys, Edwards & Jennings, P.C., by Alice B. Jennings and Melvin Houston, and for Plaintiff's Response in Opposition to Defendant Steve Sarowitz's Memorandum in Support of His Motion to Dismiss Plaintiff's Complaint of Promissory Estoppel.

Plaintiff Smith dismisses, without prejudice, Plaintiff's Counts I-V and proceed with Counts VI and VII, state Retaliation Count and Plaintiff's claim for Equitable Estoppel.

## I.    STATEMENT OF FACTS

### A.    Plaintiff Smith's Complaint Alleges Facts That Avoid Dismissal Under Fed. R. Civ. P. 12(b)(1) And 12(b)(6)

In the case of *Frey v Coleman,* No. 17-2267 (2018) the court acknowledges liability for individuals under IHRA:

> The court, accepting Vaughn Hospitality's argument that it was not an employer, granted it summary judgment with respect to Frey's sexual harassment and pregnancy discrimination claims and her retaliation under Title VII, but allowed Frey's state claim for retaliation to proceed. Under the Illinois Human Rights Act, a retaliation claim does not require an employer/employee relationship between the plaintiff and defendant. 775 ILCS §5/6-101(A).

This suit was brought by Plaintiff, Celeste C. Smith, a then fifty-two (52) year old, Muslim, female African American who has been subjected to age, religion, gender and race discrimination, including disparity of treatment and hostile work environment by her joint employers, Defendant Wayfarer Foundation and Wayfarer Pathways. Plaintiff, after engaging in protected activity, experienced retaliation by

2

Defendants, including intensely hostile actions by Steve Sarowitz, as Board President of Defendant Wayfarer Foundation and Founder and Owner of Defendant Wayfarer Pathways, in violation of Title VII of the Civil Rights Act of 1964 as amended and codified at 42 USC §2000 *et. seq*, based on gender, religion, and race; the Age Discrimination In Employment Act of 1967 (ADEA), based on age and Americans with Disabilities Act (ADA). (**Ex. 1,** Plaintiff's Complaint, dated February 20, 2026.)

Plaintiff Smith also brings counts under the Illinois Human Rights Act (IHRA) for age, religion, gender, race and disability discrimination. Plaintiff's Complaint pleads she was retaliated against after she engaged in protected activity by advising Defendants of her claims.

Plaintiff Smith exhausted her administrative remedies and was given a Right to Sue letter after filing an Equal Employment Opportunity Commission (EEOC) charge, which was concurrent with her Illinois Human Rights Act (IHRA) charge. (**Ex. 2,** IHRA Concurrent Charge.)

Plaintiff Smith brings an Illinois state law claim for Promissory Estoppel, resulting in damages after Plaintiff detrimentally relied upon Defendants' promises, made repeatedly by Defendant Wayfarer Foundation CEO/Executive Director; and Founder and Board President Steve Sarowitz, that the Defendant Wayfarer Foundation would not be "sunset" or discontinued for fifteen (15) years. The

3

Defendant Foundation "sunset" in four (4) years after multiple discrimination complaints were filed.

Plaintiff Smith was aggressively recruited in 2023, into the position of Officer of Arts, by the then Executive Director of the Wayfarer Foundation, Laura Herrick. Plaintiff ended her employment at The Pittsburgh Foundation, as a Senior Program Officer, to work as an employee at the newly formed Wayfarer Foundation, a private non-profit arm of the Wayfarer Pathways, a for profit corporation.

During the negotiations to be hired, Plaintiff Smith was adamant that she required a secure position, because she had three (3) children; two minors and one young adult who required support and medical insurance. Defendant utilized the fifteen (15) years "sunset" as the inducement for Plaintiff to leave her position at the Pittsburgh Foundation. Plaintiff Smith would not have left her other position, moving her family from Pennsylvania to Illinois, without the security she was promised.

Defendant Steve Sarowitz was the Chairman of the Board of Directors for the Defendants Wayfarer Foundation and owner of Wayfarer Pathways with binding decision making power in both organizations.

Plaintiff, in ¶18 of her Complaint, states the linking corporate relationship between Defendants Wayfarer Foundation and Wayfarer Pathways showing a joint employer relationship with Plaintiff:

4

The Wayfarer Foundation, a private non-profit organization, was founded by businessman Steve Sarowitz and actor Justin Baldoni in 2019, it began operating in 2021. The Wayfarer Foundation was a philanthropic branch of Wayfarer Pathways, the for-profit umbrella parent corporation. The Human Resources functions for Defendant Wayfarer Foundation at all times during its operations were administered by Wayfarer Pathways, including Plaintiff's hire in 2021, the medical leave and accommodations and termination on May 2, 2025.

In December 2023, Plaintiff Smith was promoted to the position of Program Director. Less than a year later, in August 2024, Plaintiff was again promoted to Senior Program Director, with nine (9) direct reports, which placed her on Defendants' "Executive Team."

Plaintiff Smith's performance reviews were excellent under Executive Director CEO Laura Herrick.

On or about October 24, 2024, Plaintiff's work environment became hostile when Defendant Steve Sarowitz, the founder and President of the Board of the Wayfarer Foundation, a non-profit; and Founder of Wayfarer Pathways, for profit corporation began a pattern of hostility toward Plaintiff and those who practiced the Muslims religion. Sarowitz was hostile toward Muslim employees and questioned their religious beliefs and loyalty to the Defendants. Plaintiff was a member of the Nation of Islam, also known as "Black Muslims," which Sarowitz negatively and hostilely questioned Plaintiff about. (See **Ex. 1,** pp. 9-13, ¶s 30-42.)

In October, after Defendant's Executive Director Herrick took a leave of absence in January 2025, and then resigned after Sarowitz engaged in public disparagement of those who supported the Palestinian people or "cause." Defendant Sarowitz moved into the position of Executive Director/CEO of the Defendant Foundation requiring Plaintiff Smith to report directly to him.

On the occasion that Defendant Sarowitz engaged in anti-Muslim statements, expressing anti-Palestine, at a conference at First Nations Gathering, Plaintiff was also attending, Plaintiff tried to discuss his outward hostility towards Muslims and Palestinians while at the conference, because attendees were fearful of his reaction. Sarowitz got angry with Plaintiff.

Plaintiff Smith was retaliated against by Defendant Sarowitz, Executive Director/CEO, by not being considered or interviewed for the opened Executive Director/CEO position. Jennifer Weigel, a Baha'i Faith white, non-African American was hired, in late March 2025, who was less qualified than Plaintiff and had limited experience in non-profit work.

Defendant Sarowitz's retaliatory treatment of Plaintiff worsened after Interim Executive Director Weigel was hired. From late March 2025, until her termination on May 2, 2025, Plaintiff was excluded from strategy meetings and decision making spaces where she had previously held a leadership role, causing conflict with

6

Plaintiff's hiring role. Defendant Sarowitz insisted on hiring mostly Baha'i faith candidates.

On March 31, 2025, Plaintiff was injured in a fall while at home. Plaintiff was unable to work until April 11, 2025. Plaintiff requested an accommodation under the ADEA to work parttime, four (4) hours per day. The restriction was granted by Defendant Wayfarer Pathways' Human Resources Department, by Lori Kleinman, the Director of Human Resources.

While Plaintiff was on restricted work, she was harassed by Interim Director Weigel to work beyond her four (4) hours per day restriction which resulted in an interference with her ADA rights.

On or about the end of January 2025, the behavior of Weigel, under Sarowitz's instruction, became so severe and hostile, Plaintiff reached out and filed a discrimination complaint, based on her disability, with Minito Reasnor, the contract Human Resources employee at the Foundation, due to harassing conduct she was experiencing from Weigel. Executive Director Weigel also asked questions about "which rib" had a contusion and bruise, which was a violation of Plaintiff's rights under the ADA. (*Ibid.*, **Ex. 1,** pp. 14-15, ¶49.)

After Defendant Sarowitz's and Interim Executive Director Jennifer Weigel's disparate treatment and retaliatory conduct grew worse, Plaintiff filed a formal complaint on April 23, 2025, with Defendant Wayfarer Foundation Board President

and with Defendant Wayfarer Pathway's leadership and Owner of Pathways Sarowitz, Interim Executive Director Weigel of the Foundation, Chief Operating Officer of Pathways Elyse Lilwack, and Wayfarer Pathways' Human Resources Director, Lori Kilman. Plaintiff Smith, in pertinent part of the Human Resources Complaint states clear protected activity:

> "the recent termination of Minito's[1] contract along with other developments, have raised deep concerns for me about the organizational climate of the Wayfarer Foundation. I have experienced the environment as increasingly inhospitable and believe I am being subjected to discriminatory treatment based on my religion (Muslim) and race (Black)." (*Ibid.*, pp. 16-17, ¶52.)

Within days after Plaintiff filed the Human Resources civil rights complaint, based on her religion and race, with Defendant Wayfarer Pathways, Plaintiff was abruptly terminated on May 2, 2025, while she remained on her restricted accommodation under the Americans with Disabilities Act. At the time Defendants terminated Plaintiff, the non-profit arm, Defendant Foundation, of Defendant Wayfarer Pathways had only been operational for less than four (4) years of the fifteen (15) years "sunset provision," which 15 year projection had been chronicled in a film by Defendant Sarowitz and announced repeatedly in Plaintiff's presence.

Defendant Wayfarer Foundation, not joint employer Pathways, did not require Defendant Wayfarer Pathways Human Resources to investigate the Plaintiff's civil

---

[1] Minito was a contract hire, performing Human Resources investigations for Defendant Wayfarer Foundation.

8

rights complaints, instead they responded by retaliatorily terminating Plaintiff and moving the selected employees, as of July 1, 2025, inside of Wayfarer Pathways, naming the Department "Private Giving Wayfarer Pathways" with Defendant Sarowitz coordinating the Department. Defendant Wayfarer replaced Plaintiff with a younger, non-African American Bahá'í faith, male Foundation employee.

Plaintiff, from May 2, 2025 to present, has not been transferred to the Defendant's "Private Giving Wayfarer Pathways" or notified of any continued employment, like over eighty (80%) percent of other Foundation employees.

Plaintiff's Complaint explicitly requests:

"4. Plaintiff Smith seeks all available remedies, including any and all damages allowable under the Title VII, ADEA, ADA, and Illinois Human Rights Act; and Promissory Estoppel and Equitable Estoppel law in Illinois."

## II. ARGUMENT

### A. Plaintiff Has Pled Under Fed. R. Civ. P. A Promissory Estoppel Count[2]

The *Genzyme Corporation v Discount Drugs Wisconsin, Inc.*, 2010 US Dist. LEXIS 96145 (2010) case is instructive on Illinois Promissory Estoppel.

Here, Plaintiff's Complaint, ¶s 108-114 state facts which allow Plaintiff to proceed with her Count:

---

[2] Plaintiff will not proceed with her Equitable Estoppel Count and will request that it be dismissed without prejudice.

9

111. Defendants, through their agents and representatives, in June 2023, hired Plaintiff to the Wayfarer Foundation and knew that Plaintiff was relying on its promises.

*Genzyme* states the burden of proof for a Promissory Estoppel case in Illinois:

"Under Illinois law, a party alleging promissory estoppel must show: (1) the defendant made an unambiguous promise to the plaintiff; (2) the plaintiff relied on the promise; and (3) such reliance was both reasonable and (4) detrimental to the plaintiff. *Newton Tractor Sales, Inc. v. Kubba Tractor Corp.*, 233 Ill. 2d 46, 51, 906 N.WE. 2d 52, 523-24, 329 Ill. Dec. 322 (Ill. 2009). Promissory estoppel applies when consideration does not support contract formation, although it requires a showing of both offer and acceptance to succeed. *Dumas v Infinity Broadcasting Corp.,*, 416 F.3d 671, 677 (7th Cir. 2005); *Bank of Marion v Robert "Chick" Fritz, Inc.*, 57 Ill. 2d 120, 124, 311 N.E. 2d 138, 140 (Ill. 1974).

A promise does not have to be expressed but may be inferred:

"An unambiguous promise is clearly required, but the promise need not be expressed in the way Abbott states. In the context of promissory estoppel, "[a] promise may be inferred from conduct and words." *Falk v UHH Home Services Corp.*, 835 F. Supp. 1078, 1080. Liberally construed, the Amended Complaint sufficiently alleges conduct by Abbott that could constitute a promise to pay rebates on wholesale sales of Gengraf."

## III.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 12(b)(1) Federal Jurisdiction Is Challenged By A 12(b)(1) Motion. Here Plaintiff Has Established 12(b)(1) Jurisdiction In Her Complaint By Properly Pleading Claims In Her Complaint Under Federal Statute Counts I-VII After Exhausting Her Concurrent EEOC/IHRA Charge.

10

The Defendants' Fed. R. Civ. P. 12(b)(1) Motion is a facial attack of the allegations made by Plaintiff Smith in her Complaint. If a 12(b)(1) motion challenges whether the Complaint alleges sufficient facts, the court accepts all material allegations as true and construes them in the light most favorable to the non-movant. *Schere v Rhodes,* 416 US 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), overruled on other grounds by *Harlow v Fitzgerald,* 457 US 800, 102 S. Ct. 2727, 73 L. Ed. 3d 396 (1982). The court does not look beyond the allegations of the complaint. *Apex Dig., Inc v Sears Roebuck & Co,* 572 F. 3d 440, 443-44 (7th Cir. 2009).

**B.**      **Fed. R. Civ. P. 12(b)(6) Allows Plaintiff Smith To Proceed As She Properly Pleads Counts Under Both Federal And State Statutes In Conformity To Fed. R. Civ. P. 8(a)(2)**

Pursuant to Fed. R. Civ. P. Rule 8(a)(2), a Complaint requires a short and plain statement of the claim showing that the pleader is entitled to relief. A Complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the…claim is and the grounds upon which its rests." *Bell Atl. Corp. v Trombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted tests the formal sufficiency of the plaintiff's statement of its claim for relief. A Rule 12(b)(6) motion is appropriate if the plaintiff has not provided fair notice of his claim with factual allegations that, when accepted as true,

11

are plausible and not merely speculative. *Ashcroft v Iqbal,* 556 US 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d. 888 (2009); *Bell Atl. Corp. v Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v Mitchell,* 696 F.3d 635, 637 (7th Cir. 2012.) To survive a Rule 12(b)(6) motion, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Twombly,* 550 U.S. at 570. A plaintiff need not plead detailed factual allegations but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* at 555.

The 7th Circuit reviews in deciding a motion to dismiss under Rule 12(b)(6), that a court accepts, as true, all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Burke v 401 N. Wabash Venture, LLC,* 714 F.3d 501, 504 (7th Cir. 2013). In the complaint, the factual allegations contained within the complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 US at 555 (internal citations omitted).

## IV. CONCLUSION

WHEREFORE, Plaintiff Smith respectfully requests that Defendant Sarowitz's individual Motion to Dismiss be denied and the Court dismiss,

without prejudice, Plaintiff's Counts Nos. 1, 2, 3, 4 and 5, only as it relates to him as an individual and Plaintiff's Equitable Estoppel claim.[3] Count VI, Retaliation Under the Illinois Human Rights Act against individual Defendant Sarowitz proceeds and Plaintiff's Count VII for Promissory Estoppel.

Respectfully submitted,

EDWARDS & JENNINGS, P.C.

By:___*/s/ Alice B. Jennings*___
     Alice B. Jennings (P29064)
     Attorney for Plaintiff
     ajennings@edwardsjennings.com

By:  /s/ Melvin Houston___
     Melvin Houston (6188334)
     Attorney for Plaintiff
     aa4624@wayne.edu

Dated: June 19, 2026

---

[3] Plaintiff request that Promissory Estoppel claim proceed.

13

## Certificate of Service

The undersigned certifies she caused a copy of Plaintiff's Response in Opposition to Defendant Steve Sarowitz's Motion to Dismiss to be filed electronically with the Clerk of the Court on June 19, 2026, and the Clerk will serve the same upon all counsel of record in this action.

/s/ Alice B. Jennings
Alice B. Jennings

14