**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CELESTE C. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case: No. 1:26-cv-01940 |
| | ) | |
| WAYFARER FOUNDATION, | ) | Honorable Jorge L. Alonso |
| WAYFARER PATHWAYS, and | ) | |
| STEVE SAROWITZ, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT STEVE SAROWITZ'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant STEVE SAROWITZ ("Sarowitz"), individually, by and through his attorneys, Jamie Filipovic and Riley Olson of O'Hagan Meyer LLC, for his Memorandum in Support of his Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and Rule 12(b)(6). In support, Defendant states as follows:

**INTRODUCTION**

Plaintiff's First Amended Complaint ("FAC") should be dismissed for several reasons. The FAC is a paradigmatic example of a conclusory pleading that strings together nearly every conceivable employment-related claim without supplying the factual allegations required to state any of them. Plaintiff relies on vague, generalized allegations of speculation and formulaic recitations of legal elements rather than concrete facts.

To begin, Defendant Sarowitz should be dismissed as a matter of law as Plaintiff failed to name Sarowitz as a respondent in any underlying administrative charge and therefore failed to exhaust her administrative remedies as to Defendant Sarowitz under the Illinois Human Rights Act. Furthermore, the law is unequivocal that there is no individual liability under the Illinois Human Rights Act. Additionally, Plaintiff's promissory estoppel claim likewise fails as Plaintiff

fails to allege Sarowitz made **any** unambiguous promise or misrepresentation to her, which is required to state a viable claim. Accordingly, dismissal with prejudice is warranted as to all claims against Defendant Steve Sarowitz, individually.

In sum, dismissal of the First Amended Complaint is warranted outright as to Defendant Steve Sarowitz for Plaintiff's claims of (1) discrimination in violation of the Illinois Human Rights Act ("IHRA") based on age, race, religion, gender, and disability (Count V); (2) retaliation under the IHRA (Count VI); and (3) promissory estoppel resulting in detrimental reliance (Count VII).[1]

## RELEVANT FACTUAL SUMMARY

Wayfarer Foundation (the "Foundation") was a nonprofit organization founded in 2021 as a "Baha'i-inspired organization with the mission to 'advance humankind spiritually towards a future peaceful world civilization," with the goal of funding and supporting "spiritually-rooted and justice-oriented nonprofits." [Dkt. 39 at ¶ 19]. On May 2, 2025, the Foundation announced that it would cease operations, and Plaintiff and other staff members' employment ended as part of the organization's closure. [*Id.* at ¶¶ 8, 55].

Plaintiff is now a fifty-two-year-old African American Muslim female who began working for the Foundation in June 2023 as a Program Officer for Arts. [*Id.* at ¶¶ 1, 24]. During her employment, Plaintiff was promoted twice – to Program Director in December 2023 and Senior Program Director in August 2024 – and became a member of the Executive Team. [*Id.* at ¶¶ 25-

---

[1] In Plaintiff's FAC, Plaintiff identifies Counts I and II as being asserted only against Defendants Foundation and Pathways, whereas the original Complaint asserted those claims against all Defendants. [*Compare* Dkt. 1 with Dkt. 39]. Despite this revision, the substantive allegations contained in Counts I and II remain identical to those alleged in the original Complaint and continue to request relief from Defendant Sarowitz. Because Plaintiff's revised headings no longer purport to assert those claims against Defendant Sarowitz and, in any event, Title VII does not permit individual liability, Defendant Sarowitz therefore does not respond to Counts I and II. *See Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). However, to the extent the Court determines that Plaintiff intended Counts I and II to be asserted against Defendant Sarowitz notwithstanding the revised headings, Defendant Sarowitz expressly reserves the right to respond to those Counts.

26]. Plaintiff further concedes that she received merit increases and bonuses in 2023, 2024, and 2025. [*Id.* at ¶ 29]. Plaintiff alleges that beginning in late 2024, Defendant Sarowitz exhibited hostility toward Muslims, relying primarily on generalized allegations regarding discussions at a conference and later conversations concerning religion and hiring practices. [*Id.* at ¶¶ 30-34; 36-38]. Plaintiff then contends that she was not considered for the Interim Executive Director position, which was filled by another employee whom Plaintiff alleges was younger, white, and of the Bahá'í faith. [*Id.* at ¶ 40]. Plaintiff speculates that she was more qualified for the position and alleges that, because Sarowitz did not mention it to her, she was explicitly prevented from being considered due to the absence of a transparent selection process. [*Id.* at ¶¶ 40-41].

Plaintiff then moves on to allege that she suffered injury unrelated to work when she fell at home on March 31, 2025, and because of that injury, she was unable to work until April 11, 2025, after which she sought **and received** an accommodation to work part-time four hours a day. [*Id.* at ¶ 46] (emphasis added). Plaintiff nevertheless claims she was required to work beyond those restrictions, although she fails to explain how. [*Id.* at ¶ 47]. Plaintiff further alleges that she complained of discrimination and retaliation on April 23, 2025, and that the Foundation announced its closure approximately ten (10) days later, on May 2, 2025. [*Id.* at ¶¶ 52-55]. Plaintiff's employment was also terminated on May 2, 2025, as part of the Foundation's cessation of operations. [*Id.* at ¶¶ 61-63].

Based on these allegations, Plaintiff asserts claims in Counts V and VI against Defendant Sarowitz under the IHRA for discrimination based on age, race, religion, sex, and disability, as well as retaliation. [*Id.* at ¶¶ 91-107]. Plaintiff also alleges a claim in Count VII for promissory estoppel, alleging that she accepted employment in reliance on an alleged representation that the Foundation would operate for at least fifteen years pursuant to a purported "sunset provision," but

that it only operated for less than five years. [*Id.* at ¶ 113]. Plaintiff does not allege that Defendant Sarowitz made this representation, instead alleging only that it was made by the Foundation's former Executive Director. [*Id.* at ¶ 21].

**LEGAL STANDARD**

A Rule 12(b)(1) motion tests federal jurisdiction, and the party invoking it bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021). Under Rule 12(b)(1), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor when a defendant facially attacks standing. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

A motion to dismiss pursuant to Rule 12(b)(6) rests on whether the plaintiff has properly stated a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Bell Atlantic Corp. v. Twombly,* the United States Supreme Court held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, taken as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). The complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.,* 536 F.3d 663, 668 (7th Cir. 2008).

Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all of

the plaintiff's well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nevada*, NA., 507 F.3d 614, 618 (7th Cir. 2007). The court reads the complaint and assesses its plausibility as a whole. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

## ARGUMENT

### I. Counts V and VI Must be Dismissed as Plaintiff Failed to Exhaust her Administrative Remedies as to Defendant Steve Sarowitz Under the IHRA.

As a prerequisite to filing suit under the IHRA, a plaintiff must first exhaust their administrative remedies by filing a charge with the Illinois Department of Human Rights ("IDHR"). It is well settled that "the IHRA does not allow an aggrieved party direct access to the courts." *Shelton v. Ernst & Young, LLP*, 143 F. Supp. 2d 982, 990 (N.D. Ill. 2001) (internal citations omitted). Instead, a complainant must first file a charge with the IDHR and then exhaust the administrative remedies under the IHRA. *Id.* at 990-91.

Plaintiff alleges that on November 25, 2025, she filed a Charge of Discrimination with the EEOC as well as a violation of the IHRA, filed concurrently with the EEOC Charge. [Dkt. 39 at ¶ 13]. The FAC states that on that same date, she received a Notice of a Right to Sue email from the EEOC and on December 3, 2025 she received a letter of her rights under the IHRA. [*Id.* at ¶ 14]. However, Plaintiff's Charge identifies only Wayfarer Foundation and Wayfarer Pathways as respondents. It does not identify Steve Sarowitz as a respondent.

As such, because Sarowitz was not named as a respondent in the IDHR Charge, he was thereby deprived of the very protections the administrative exhaustion requirement is intended to provide. Sarowitz was not placed on notice that Plaintiff sought to hold him individually liable under the IHRA, nor was he afforded an opportunity to participate in the administrative agency's investigation or conciliation process before litigation commenced. Therefore, Plaintiff's claims

for: (1) discrimination based on age, race, religion, gender, and disability in violation of the IHRA (Count V), and (2) retaliation in violation of the IHRA (Count VI) fail at the threshold because Plaintiff failed to identify Sarowitz as a respondent in the underlying charge. Accordingly, given that Plaintiff failed to exhaust her administrative remedies as to Sarowitz, her IHRA claims against him warrant dismissal, with prejudice.

## II. **Dismissal is Warranted of All Claims Asserted Under the IHRA in Counts V and VI as they Pertain to Individual Defendant Steve Sarowitz**

To the extent Plaintiff attempts to assert any discrimination or retaliation claims under the IHRA against Defendant Sarowitz in his individual capacity, those claims fail as a matter of law[2].

The IHRA imposes liability only upon an "employer," as defined under the IHRA. Consequently, Illinois courts – and federal courts applying Illinois law – have held that supervisors and other individuals cannot be held personally liable for discrimination or retaliation claims brought under the IHRA where they are not the plaintiff's employer. *Zayadeen v. Abbott Molecular, Inc.,* No. 10 C 4621, 2013 U.S. Dist. LEXIS 12135, *13 (N.D. Ill. Jan. 30, 2013) (reasoning "[Section] 1981 provides for individual liability while Title VII and the IHRA do not."); *see also Kozlowski v. Greenridge Farm, Inc.,* 338 F. Supp. 3d 828, 834 (N.D. Ill. 2018) (citing *Robertson v. Lofton*, 2013 U.S. Dist. LEXIS 153406, *10 (N.D. Ill. Oct. 25, 2013) (explaining a plaintiff's supervisor was not a proper defendant in an IHRA race discrimination claim as they were not plaintiff's employer).

---

[2] To the extent the Court determines that Plaintiff may maintain claims under the IHRA against individual Defendant Sarowitz, Defendant Sarowitz hereby incorporates by reference and joins the arguments asserted in Co-Defendant the Wayfarer Foundation's Motion to Dismiss to the extent they apply equally to the claims asserted against him.

Here, because Defendant Sarowitz was not Plaintiff's employer, she cannot maintain claims for IHRA discrimination or retaliation against him in his individual capacity. Therefore, Counts V and VI should be dismissed with prejudice.

### III.     Count VII Warrants Dismissal as Plaintiff Has Not and Cannot Assert a Claim of Promissory Estoppel Against Sarowitz.

Plaintiff's promissory estoppel claim fails as a matter of law because the FAC does not allege that Defendant Sarowitz made any clear and definite promise, material misrepresentation, or concealment of fact to Plaintiff. Instead, Plaintiff alleges only that, during the hiring process, the Foundation's former Executive Director "reassured" her that it had a "sunset provision" of "at least (15) years from its inception in 2021. [Dkt. 39 at ¶ 21]. As alleged, Plaintiff fails to establish a promissory estoppel claim against Sarowitz for several independent reasons.

Under Illinois law, to bring a successful promissory estoppel claim, a plaintiff must allege that: (1) defendants made an unambiguous promise to plaintiff; (2) plaintiff relied on the promise; (3) plaintiff's reliance was expected and foreseeable by defendants; and (4) plaintiff relied on the promise to their detriment. *Reitman v. Evanston/Skokie Cmty. Consol. Sch. Dist. 65*, 764 F. Supp. 3d 717, 729-30 (N.D. Ill. 2025) (citing *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 233 Ill. 2d 46, 906 N.E.2d 520 (Ill. 2009)). As the court explained in *Reitman*, promissory estoppel is recognized as creating an implied-in-fact contract that imposes a duty based on a promissory expression showing an intention to be bound. *Id.* at 730 (referencing *Matthews v. Chi. Transit Authority*, 2016 IL 117638, 51 N.E.3d 753, 780 (Ill. 2016)). "Under Illinois law, a promissory estoppel claim will succeed where the other elements of a contract exist (offer, acceptance, and mutual assent), but consideration is lacking." *Id.*

Here, Plaintiff's theory fails for the same fundamental reason identified in *Reitman*; the alleged "agreement" lacks the essential elements of contract formation. The purported statement

concerns only the Foundation's anticipated operational lifespan, *not* Plaintiff's employment. A representation that the Foundation expected to operate under a fifteen-year sunset provision is not an unambiguous promise that Plaintiff would remain employed for that period, that her employment could only be terminated for cause, or that the Foundation would remain in operation regardless of future circumstances. Indeed, Plaintiff does not allege that anyone promised her employment for any fixed duration. At most, the FAC alleges an ambiguous, future statement regarding the Foundation's anticipated longevity. Evidently, this is far too indefinite to constitute the type of clear and definite promise required to establish a promissory estoppel claim. Additionally, Plaintiff fails to allege facts demonstrating the essential elements of contract formation. The alleged statement does not constitute an offer of continuous employment for a fixed period of time, reflect Plaintiff's acceptance of any such offer, or show mutual assent.

Plaintiff's promissory estoppel claim further fails because she does not allege that Sarowitz made the purported promise. On the contrary, Plaintiff confirms that the statement regarding the "sunset provision" was made by the Foundation's former Executive Director during the hiring process. [Dkt. 39 at ¶ 21]. The FAC contains no allegations that Sarowitz ever, for example, represented that Plaintiff would be employed for fifteen years, supported the former Executive Director's alleged statement, or made any promise that Plaintiff could reasonably rely upon. Given that a promissory estoppel claim requires that the defendant have made the alleged promise – and Plaintiff does not allege that Sarowitz made any such promise – Plaintiff has failed to state and cannot state a claim for promissory estoppel against Sarowitz.

As such, Count VII fails as a matter of law and warrants dismissal with prejudice because Plaintiff fails to allege: (1) that Defendant Sarowitz made a clear and definite promise; and (2) the

alleged statement concerns the anticipated duration of the Foundation rather than Plaintiff's continued employment.

## **CONCLUSION**

WHEREFORE, Defendant, STEVE SAROWITZ, respectfully requests that this Honorable Court enter an Order granting his Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

DATED: July 30, 2026                       Respectfully submitted:

                                            STEVE SAROWITZ

                                            By:/s/ *Jamie L. Filipovic*
                                            One of his attorneys

Jamie L. Filipovic (ARDC: 6278943)
Riley B. Olson (ARDC: 6346332)
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone:  312.422.6100
Facsimile:   312.422.6110
jfilipovic@ohaganmeyer.com
rolson@ohaganmeyer.com