**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

CELESTE C. SMITH,

Plaintiff,

vs.

WAYFARER FOUNDATION and
WAYFARER PATHWAYS, and
STEVE SAROWITZ, Individually.

Defendants.

Case No. 1:26-cv-01940
Hon. Jorge L. Alonso
Mag. Heather K. McShain

---

Melvin Houston (6188334)
Attorney for Plaintiff
15346 Asbury Park
Detroit, MI 48227-1545
(313) 835-6479
aa4624@wayne.edu

Jamie L. Filipovic
Riley B. Olson
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, IL 60601
(312) 422-6100 / (f) 312-422-6110
jfilipovic@ohaganmeyer.com
rolson@ohaganmeyer.com

Alice B. Jennings (P29064)
**EDWARDS & JENNINGS, P.C.**
Attorney for Plaintiff *(Pro Hac Vice)*
3031 West Grand Blvd., Ste. 435
Detroit, MI 48202
(313) 961-5000
ajennings@edwardjennings.com

---

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT STEVE SAROWITZ'S (INDIVIDUALLY) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, CELESTE C. SMITH, by and through her attorneys, Edwards & Jennings, P.C., by Alice B. Jennings and Melvin Houston, and for Plaintiff's Response in Opposition to Individual Defendant Steve Sarowitz's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(1) and Rule 12(b)(6), states as follows:

1. Admit, Plaintiff filed her Complaint on February 20, 2026. (Document #: 1, Complaint.)

2. Admit that Plaintiff Smith alleged seven (7) causes of action against Steve Sarowitz, individually, filed his Motion to Dismiss Plaintiff's Complaint on February 20, 2026. (Document #: 22, 23.)

3. Admit, Plaintiff filed a Motion for Leave to File A First Amended Complaint on June 25, 2026. (Document #: 39.).

4. Admit that Plaintiff's First Amended Complaint states a violation for discrimination against Defendant Sarowitz under the Illinois Human Rights Act (IHRA). Further, that Defendant Sarowitz's actions, under Title VII, ADA, and ADEA, are all as a Board President agent, employee founder, and CEO of the two corporate entities. Plaintiff does not dismiss the First Amended Complaint with prejudice, such actions.

5. Denied that Plaintiff Smith's IHRA Complaint should be dismissed where Plaintiff states IHRA claim was filed concurrently with her EEOC charge and

a "Right to Sue" on the state claim was concurrent. (**Ex. 1,** IHRA concurrent Dismissal, dated December 3, 2025.

6. Denied that all claims should be dismissed against Defendant Steve Sarowitz individually, pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6) where Sarowitz was named in Plaintiff's continued EEOC charge, concurrent to the IHRA charge and the administrative process was exhausted.

7. Plaintiff Smith states in her First Amended Complaint that Sarowitz had active involvement in her hire prior to Plaintiff leaving Pennsylvania with her family and detrimentally relying on Defendants' promises of long-term employment, with the fifteen year "sunset" of the Defendant Wayfarer Foundation used as an inducement. (Document #: 39.)

8. Denied. Dismissal of Plaintiff's First Amended Complaint should be denied under Fed. R. Civ. P. 12(b)(1) and (6) as it relates to individual claims under the IHRA.

WHEREFORE, Plaintiff Celeste Smith respectfully requests this Honorable Court enter an Order Denying Defendant's Motion for Dismissal of Plaintiff's First Amended Complaint under 12(b)(1) and 12(b)(6).

Respectfully submitted,
EDWARDS & JENNINGS, P.C.

By: */s/ Alice B. Jennings*
Alice B. Jennings (P29064)
Attorney for Plaintiff
ajennings@edwardsjennings.com

By: /s/ Melvin Houston
Melvin Houston (6188334)
Attorney for Plaintiff
aa4624@wayne.edu

Dated: August 20, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

CELESTE C. SMITH,

Plaintiff,

vs.

WAYFARER FOUNDATION and
WAYFARER PATHWAYS, and
STEVE SAROWITZ, Individually.

Defendants.

Case No. 1:26-cv-01940
Hon. Jorge L. Alonso
Mag. Heather K. McShain

---

Melvin Houston (6188334)
Attorney for Plaintiff
15346 Asbury Park
Detroit, MI 48227-1545
(313) 835-6479
aa4624@wayne.edu

Jamie L. Filipovic
Riley B. Olson
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, IL 60601
(312) 422-6100 / (f) 312-422-6110
jfilipovic@ohaganmeyer.com
rolson@ohaganmeyer.com

Alice B. Jennings (P29064)
**EDWARDS & JENNINGS, P.C.**
Attorney for Plaintiff *(Pro Hac Vice)*
3031 West Grand Blvd., Ste. 435
Detroit, MI 48202
(313) 961-5000
ajennings@edwardjennings.com

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT STEVE SAROWITZ'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

# I. STATEMENT OF FACTS

## A. Plaintiff Smith's Complaint Alleges Facts That Avoid Dismissal Under Fed. R. Civ. P. 12(b)(1) And 12(b)(6)

This suit was brought by Plaintiff, Celeste C. Smith, a then fifty-two (52) year old, Muslim, female African American who has been subjected to age, religion, gender and race discrimination, including disparity of treatment and hostile work environment by her joint employers, Defendant Wayfarer Foundation and Wayfarer Pathways. Plaintiff, after engaging in protected activity, experienced retaliation by Defendants, including intensely hostile actions by Steve Sarowitz, as Board President of Defendant Wayfarer Foundation and Founder and Owner of Defendant Wayfarer Pathways, in violation of Title VII[1] of the Civil Rights Act of 1964 as amended and codified at 42 USC §2000 *et. seq*, based on gender, religion, and race; the Age Discrimination In Employment Act of 1967 (ADEA), based on age and Americans with Disabilities Act (ADA). (Document #: 39, Plaintiff's First Amended Complaint.)

Plaintiff Smith brings counts individually against Defendant under the Illinois Human Rights Act (IHRA) for age, religion, gender, race, and disability discrimination. Plaintiff's Complaint pleads she was retaliated against after she engaged in protected activity by advising Defendants of her claims.

---

[1] Plaintiff Smith continues her Counts in her First Amended Complaint under Title VII against Steve Sarowitz in his official capacity with both corporate entities, as an employee/agent, founder of both entities, and Board President of Plaintiff's joint employers, Defendant Wayfarer Foundation and Defendant Wayfarer Pathways.

Plaintiff Smith exhausted her administrative remedies and was given a Right to Sue letter after filing an Equal Employment Opportunity Commission (EEOC) charge, which was concurrent with her Illinois Human Rights Act (IHRA) charge. (**Ex. 1,** IHRA Concurrent Charge of instant Motion.)

Plaintiff Smith brings an Illinois state law claim for Promissory Estoppel, resulting in damages after Plaintiff detrimentally relied upon Defendants' promises, made repeatedly by Defendant Wayfarer Foundation CEO/Executive Director; and Founder and Board President Steve Sarowitz, that the Defendant Wayfarer Foundation would not be "sunset" or discontinued for fifteen (15) years. The Defendant Foundation "sunset" in four (4) years after multiple discrimination complaints were filed.

Plaintiff Smith was aggressively recruited in 2023, into the position of Officer of Arts, by the then Executive Director of the Wayfarer Foundation, Laura Herrick. Plaintiff ended her employment at The Pittsburgh Foundation, as a Senior Program Officer, to work at the newly formed Wayfarer Foundation, a private non-profit arm of the Wayfarer Pathways, a for profit corporation. The two organizations were Plaintiff's joint employer. (**Ex. 2,** Organization Chart.) At the time of Plaintiff's hire Defendant Sarowitz was the President of the Board of the Foundation and Defendant, the Foundation and Chairperson of Defendant, Wayfarer Pathways.

During the negotiations to be hired, Plaintiff Smith was adamant that she required a secure position, because she had three (3) children; two minors and one young adult who required support and medical insurance. Defendant utilized the fifteen (15) years "sunset" as the inducement for Plaintiff to leave her position at the Pittsburgh Foundation. Plaintiff Smith would not have left her other position, moving her family from Pennsylvania to Illinois, without the security she was promised.

Defendant Steve Sarowitz was the Chairman of the Board of Directors for the Defendants Wayfarer Foundation and owner of Wayfarer Pathways with binding decision-making power in both organizations.

Plaintiff, in ¶18 of her First Amended Complaint, states the linking corporate relationship between Defendants Wayfarer Foundation and Wayfarer Pathways showing a joint employer relationship with Plaintiff:

> The Wayfarer Foundation, a private non-profit organization, was founded by businessman Steve Sarowitz and actor Justin Baldoni in 2019, it began operating in 2021. The Wayfarer Foundation was a philanthropic branch of Wayfarer Pathways, the for-profit umbrella parent corporation. The Human Resources functions for Defendant Wayfarer Foundation at all times during its operations were administered by Wayfarer Pathways, including Plaintiff's hire in 2021, the medical leave and accommodations and termination on May 2, 2025. Plaintiff was a joint employee of Defendants Wayfarer Foundation and Wayfarer Pathways.

In December 2023, Plaintiff Smith was promoted to the position of Program Director. Less than a year later, in August 2024, Plaintiff was again promoted to

Senior Program Director, with nine (9) direct reports, which placed her on Defendants' "Executive Team."

Plaintiff Smith's performance reviews were excellent under Executive Director CEO Laura Herrick.

On or about October 24, 2024, Plaintiff's work environment became hostile when Defendant Steve Sarowitz, the founder and President of the Board of the Wayfarer Foundation, a non-profit; and Founder, and Chairperson of Wayfarer Pathways, for profit corporation began a pattern of hostility toward Plaintiff and those who practiced the Muslims religion. Sarowitz was hostile toward Muslim employees and questioned their religious beliefs and loyalty to the Defendants. Plaintiff was a member of the Nation of Islam, also known as "Black Muslims," which Sarowitz negatively and hostilely questioned Plaintiff about her religion and specifically the Quaran. (See Document #: 39, ¶s 30-42.)

In October, after Defendant's Executive Director Herrick took a leave of absence in January 2025 and then resigned after Sarowitz engaged in public disparagement of those who supported the Palestinian people or "cause." Defendant Sarowitz, after Executive Director Herrick's resignation, moved into the position of Executive Director/CEO of the Defendant Foundation requiring Plaintiff Smith to report directly to him.

In October 2024, Defendant Sarowitz engaged in anti-Muslim statements, expressing anti-Palestine sentiment, at a conference of First Nations Gathering in South Dakota, Plaintiff, was also in attendance. Plaintiff tried to discuss with Defendant Sarowitz his outward hostility towards Muslims and Palestinians while at the conference. Plaintiff expressed to Sarowitz that attendees were fearful of his reaction. Sarowitz got angry with Plaintiff during the conference.

Upon return to Illinois, Plaintiff Smith was retaliated against by Defendant Sarowitz, Executive Director/CEO, from that time on, by not being considered or interviewed for the opened Executive Director/CEO position. Instead, Jennifer Weigel, a Baha'i Faith white, non-African American was hired, in late March 2025. Weigel, who was less qualified than Plaintiff and had limited experience in non-profit executive work.

Defendant Sarowitz's retaliatory treatment of Plaintiff worsened after Interim Executive Director Weigel was hired. From late March 2025, until her termination on May 2, 2025, Plaintiff was excluded from strategy meetings and decision-making spaces where she had previously held, as part of the Executive Committee, a leadership role, being excluded from making a conflict with Plaintiff's hiring role. Plaintiff, prior to her protected activity, had been the primary executive involved in staff hiring. Defendant Sarowitz insisted on hiring mostly Baha'i faith candidates.

Plaintiff disagreed with Sarowitz's hiring decisions based on Baha'i faith as she viewed the practice as discriminatory.

On March 31, 2025, Plaintiff was injured in a fall while at home. Plaintiff was unable to work until April 11, 2025. Plaintiff requested an accommodation under the Americans With Disabilities Act (ADA) to work parttime, four (4) hours per day. The restriction was granted by Defendant Wayfarer Pathways' Human Resources Department, by Lori Kleiman, the Director of Human Resources.

While Plaintiff was on restricted work, she was harassed by Interim Director Weigel to work beyond her four (4) hours per day restriction which resulted in an interference with her ADA rights.

On or about the end of January 2025, the behavior of Weigel, under Sarowitz's instruction, became so severe and hostile, Plaintiff reached out and filed a discrimination complaint, based on her disability, with Minito Reasnor, the contract Human Resources Representative at the Foundation, due to harassing conduct she was experiencing from Weigel. Executive Director Weigel also asked questions about "which rib" had a contusion and bruise, which was a violation of Plaintiff's rights under the ADA. (Document #: 39, ¶49.)

After Defendant Sarowitz's and Interim Executive Director Jennifer Weigel's disparate treatment and retaliatory conduct grew worse, Plaintiff filed a formal complaint on April 23, 2025, with Defendant Wayfarer Foundation Board President

and with Defendant Wayfarer Pathway's leadership and Owner of Pathways Sarowitz, Interim Executive Director Weigel of the Foundation, Chief Operating Officer of Pathways Elyse Lilwack, and Wayfarer Pathways' Human Resources Director, Lori Kleiman. Plaintiff Smith, in pertinent part of the Human Resources Complaint states clear protected activity:

> "the recent termination of Minito's[2] contract along with other developments, have raised deep concerns for me about the organizational climate of the Wayfarer Foundation. I have experienced the environment as increasingly inhospitable and believe I am being subjected to discriminatory treatment based on my religion (Muslim) and race (Black)." (*Ibid.*, Document #: 39, ¶52.)

Within nine (9) days after Plaintiff filed the Human Resources civil rights complaint, based on her religion and race, with Defendant Wayfarer Pathways, Plaintiff was abruptly terminated on May 2, 2025. At the time of her termination, Plaintiff still remained on her restricted accommodation under the Americans with Disabilities Act. At the time Defendants terminated Plaintiff, the non-profit arm, Defendant Foundation, of Defendant Wayfarer Pathways had only been operational for less than four (4) years of the fifteen (15) years "sunset provision." The fifteen (15) year projection had been chronicled in a film by Defendant Sarowitz and announced the fifteen-year sunset provision repeatedly in Plaintiff's presence.

---

[2] Minito was a contract hire, performing Human Resources investigations for Defendant Wayfarer Foundation.

Defendant Wayfarer Foundation, nor joint employer Pathways, did not require Defendant Wayfarer Pathways Human Resources to investigate the Plaintiff's civil rights complaints. Instead, Sarowitz and the executives at Pathways and the Foundation responded by retaliatorily terminating Plaintiff and moving only selected employees, as of July 1, 2025, inside of Wayfarer Pathways. A new department of "Private Giving Wayfarer Pathways" with Defendant Sarowitz coordinating the Department. Defendant Wayfarer replaced Plaintiff with a younger, non-African American Bahá'í faith, male Foundation employee. Based on information and belief the employee does not require any accommodation under the ADA, either permanent or temporary.

Plaintiff, from May 2, 2025, to present, has not been transferred to the Defendant's "Private Giving Wayfarer Pathways" or notified of any continued employment, like over eighty (80%) percent of other Foundation employees.

Plaintiff's Complaint explicitly requests:

> "4. Plaintiff Smith seeks all available remedies, including any and all damages allowable under the Title VII, ADEA, ADA, and Illinois Human Rights Act; and Promissory Estoppel and Equitable Estoppel law in Illinois."

## II. LEGAL STANDARD

### A. Plaintiff Has Established 12(b)(1) Jurisdiction In Her Complaint By Properly Pleading Claims In Her Complaint Under Federal Statute Counts I-VII After Exhausting Her Concurrent

**EEOC/IHRA Charge Where Sarowitz Is A Board President, Founder, Agent, And Employee Of Both Defendant Entities And His Acts And Omissions Are Plead.**

The Defendants' Fed. R. Civ. P. 12(b)(1) Motion is a facial attack of the allegations made by Plaintiff Smith in her Complaint. If a 12(b)(1) motion challenges whether the Complaint alleges sufficient facts, the court accepts all material allegations as true and construes them in the light most favorable to the non-movant. *Schere v Rhodes,* 416 US 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), overruled on other grounds by *Harlow v Fitzgerald,* 457 US 800, 102 S. Ct. 2727, 73 L. Ed. 3d 396 (1982). The court does not look beyond the allegations of the complaint. *Apex Dig., Inc v Sears Roebuck & Co,* 572 F. 3d 440, 443-44 (7th Cir. 2009). Here, Plaintiff Smith exhausted administrative remedies with the Illinois Human Rights Act Charge and her Federal EEOC and state claims are properly before the Court. (See **Ex. 1**.)

**B. Fed. R. Civ. P. 12(b)(6) Allows Plaintiff Smith To Proceed As She Properly Pleads Counts Under Both Federal And State Statutes In Conformity To Fed. R. Civ. P. 8(a)(2)**

Pursuant to Fed. R. Civ. P. Rule 8(a)(2), a Complaint requires a short and plain statement of the claim showing that the pleader is entitled to relief. A Complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the…claim is and the grounds upon which its rests." *Bell Atl. Corp. v Trombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted tests the formal sufficiency of the plaintiff's statement of its claim for relief. Rule 12(b)(6) motion is appropriate if the plaintiff has not provided fair notice of his claim with factual allegations that, when accepted as true, are plausible and not merely speculative. *Ashcroft v Iqbal,* 556 US 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d. 888 (2009); *Bell Atl. Corp. v Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v Mitchell,* 696 F.3d 635, 637 (7th Cir. 2012.) To survive a Rule 12(b)(6) motion, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Twombly,* 550 U.S. at 570. A plaintiff need not plead detailed factual allegations but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* at 555.

The 7th Circuit reviews in deciding a motion to dismiss under Rule 12(b)(6), that a court accepts, as true, all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Burke v 401 N. Wabash Venture, LLC,* 714 F.3d 501, 504 (7th Cir. 2013). In the complaint, the factual allegations contained within the complaint must "raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 US at 555 (internal citations omitted).

## III. ARGUMENT

### A. Plaintiff Properly Exhausted Her Administrative Remedies And Has Pled Facts Under Federal Statutes Title VII, ADA and ADEA.

Plaintiff specifically pled in ¶s 13 and 14 of her First Amended Complaint, in pertinent part:

> 13. On November 25, 2025, Plaintiff Smith, then a terminated employee of Defendants Wayfarer Foundation and Wayfarer Pathways, filed an Equal Employment Opportunity Commission (EEOC) Charge No. 440-2025-08780 with charges of: Violation of Title VII; Violation of Age Discrimination in Employment Act (ADEA), Violation of Americans with Disability Act (ADA), and Violation of the Illinois Human Rights Act, filed concurrently with the EEOC charge. Plaintiff Smith concurrently exhausted her administrative remedies with the EEOC and with the Illinois Human Rights Act to file this Complaint timely.
>
> 14. On or about November 25, 2025, Plaintiff Smith received a "Notice of a Right to Sue" email from the EEOC, dated November 25, 2025, for her Charge No. 440-2025-08780. This claim is being timely filed. On December 3, 2025, Plaintiff received a letter of her rights under the IHRA.

Defendant cannot challenge failure to exhaust administrative remedies based on Plaintiff's filing of both her EEOC count and IHRA exhaustion.

Defendant's Brief cites the *Allen v City of Chicago,* 828 F. Supp. 543, 559 (ND Ill. 1993) Plaintiff shows that she exhausted her administrative remedies by following the policies and procedures of the IHRA which

allows for a concurrent charge and dismissal with EEOC. (See **Ex. 1,** Dismissal from IHRA.)

Plaintiff continues to proceed with her claims under Title VII through his role as an agent in his official capacity. *Patel v Board of Governors of State Colleges and Univs.*, No. 92 C 8300, 1997 WL 399644, at 2 (N.D. Ill, July 11, 1997, stating that Title VII must proceed against the employer directly or through its agent in their official capacity.)

Moreover, the Defendant Sarowitz cites the *Shelton v Ernst & Young, LLP,* 143 F. Supp. 2d 982 (ND. Ill., 2001). The *Shelton* case is not applicable. Plaintiff in *Shelton* had allowed the time for filing an EEOC charge to expire. The case was a statute of limitations issue which is not an issue in this case and is cited in a misleading manner by Defendant Sarowitz.

**B. Plaintiff's State Claims Under IHRA Should Proceed Based On Race, Age, Gender, And Religion Where Plaintiff Exhausted Administrative Remedies Under The EEOC And The IHRA.**

In the case of *Frey v Coleman,* No. 17-2267 (2018) the court acknowledges liability for individuals under IHRA:

> The court, accepting Vaughn Hospitality's argument that it was not an employer, granted it summary judgment with respect to Frey's sexual harassment and pregnancy discrimination claims and her retaliation under Title VII, but allowed Frey's state claim for retaliation to proceed. Under the Illinois Human Rights Act, a retaliation claim does

not require an employer/employee relationship between the plaintiff and defendant. 775 ILCS §5/6-101(A).

**C. Plaintiff Has Properly Pled Under Fed. R. Civ. P. A Promissory Estoppel Count**

The *Genzyme Corporation v Discount Drugs Wisconsin, Inc.*, 2010 US Dist. LEXIS 96145 (2010) case is instructive on Illinois Promissory Estoppel.

Here, Plaintiff's Complaint, ¶s 108-114 state facts which allow Plaintiff to proceed with her Count:

> 111. Defendants, through their agents and representatives, in June 2023, hired Plaintiff to the Wayfarer Foundation and knew that Plaintiff was relying on its promises.

*Genzyme* states the burden of proof for a Promissory Estoppel case in Illinois:

> "Under Illinois law, a party alleging promissory estoppel must show: (1) the defendant made an unambiguous promise to the plaintiff; (2) the plaintiff relied on the promise; and (3) such reliance was both reasonable and (4) detrimental to the plaintiff. *Newton Tractor Sales, Inc. v. Kuba Tractor Corp.*, 233 Ill. 2d 46, 51, 906 N.WE. 2d 52, 523-24, 329 Ill. Dec. 322 (Ill. 2009). Promissory estoppel applies when consideration does not support contract formation, although it requires a showing of both offer and acceptance to succeed. *Dumas v Infinity Broadcasting Corp.*,, 416 F.3d 671, 677 (7th Cir. 2005); *Bank of Marion v Robert "Chick" Fritz, Inc.*, 57 Ill. 2d 120, 124, 311 N.E. 2d 138, 140 (Ill. 1974).

A promise does not have to be expressed but may be inferred:

> "An unambiguous promise is clearly required, but the promise need not be expressed in the way Abbott states. In the context of promissory estoppel, "[a] promise may be inferred from conduct and words." *Falk v UHH Home Services Corp.*, 835 F. Supp. 1078, 1080. Liberally

construed, the Amended Complaint sufficiently alleges conduct by Abbott that could constitute a promise to pay rebates on wholesale sales of Gengraf."

## IV. CONCLUSION

WHEREFORE, Plaintiff requests the Court deny Defendant Sarowitz's Motion to Dismiss her IHRA claim. Plaintiff's state law Promissory Estoppel count should not be dismissed where she has exhausted the administrative process.

Respectfully submitted,

EDWARDS & JENNINGS, P.C.

By: */s/ Alice B. Jennings*
Alice B. Jennings (P29064)
Attorney for Plaintiff
ajennings@edwardsjennings.com

By: /s/ Melvin Houston
Melvin Houston (6188334)
Attorney for Plaintiff
aa4624@wayne.edu

Dated: August 20, 2026

**Certificate of Service**

The undersigned certifies she caused a copy of Plaintiff's Response in Opposition to Defendant Steve Sarowitz's Motion to Dismiss to be filed electronically with the Clerk of the Court on August 20, 2026, and the Clerk will serve the same upon all counsel of record in this action.

/s/ Alice B. Jennings
Alice B. Jennings

# EXHIBIT 1

EXHIBIT 1

# State of Illinois
# Department of Human Rights

dhr.illinois.gov

December 3, 2025

**Celeste Smith**
**5035 S East End Avenue Apt S3114**
**Chicago IL 60615**

**Re: Celeste Smith vs Wayfarer Foundation / Wayfarer Pathways IDHR Control #261203082 (EEOC #440-2025-08780)**

You are receiving this letter because you filed a charge with the United States Equal Employment Opportunity Commission (EEOC). The EEOC and the Illinois Department of Human Rights (IDHR) are parties to a cooperative agreement. Under this agreement, a copy of the discrimination charge you filed with the EEOC was automatically cross-filed with IDHR IDHR is keeping a copy of your EEOC charge on file to preserve jurisdiction under Illinois law.

Since you filed your discrimination charge initially with the EEOC, the EEOC is the governmental agency responsible for investigating your charge. The Department will take no action on your charge until the EEOC issues its findings. **After the EEOC issues its findings**, you have 30 days after service of the EEOC's findings on you to either:

- Request that IDHR adopt EEOC's findings so that you may file a complaint in the appropriate circuit court; OR
- Request that IDHR investigate your charge allegations under Illinois law.

This letter does not apply to you if you choose to file a complaint in federal court or if the parties settled the EEOC charge. You may also choose to take no further action.

If you want IDHR to take any further action on your charge, you must timely send to IDHR the following:

(1) A copy of the EEOC's findings regarding the investigation of your charge; and
(2) The control number identified above with a one sentence written statement stating what action you are requesting IDHR take.

Submissions of the EEOC's findings and written statement may be submitted to IDHR by either:

**Mail:** Send via U.S. Postal certified mail, return receipt requested, to Illinois Department of Human Rights, Attn: EEOC Referred Charges/Intake Unit, 555 W. Monroe Street, 7th Floor, Chicago, IL 60661.

**Or Email:** IDHR.preinvestigation@illinois.gov

Please do not respond to IDHR if more than 30 days have passed from service of the EEOC's determination. Upon receipt of the EEOC's findings, IDHR will mail you a notice as to what further action IDHR may take on your charge.

Due to IDHR staffing levels and high charge volume, complainants are encouraged to consider adopting EEOC's findings If you request IDHR to investigate and IDHR is not able to assign your charge within 365 days, IDHR will send a notice of your procedural options. This 365-day time period is tolled while the EEOC is investigating your charge and does not begin to run until the EEOC issues its findings. Your failure to timely provide the EEOC's findings to IDHR will result only in IDHR closing your file. **This process does not affect the investigation of your charge at EEOC.** If you do not wish to proceed with IDHR, you do not need to take any further action.

**If you have any questions, please email IDHR.preinvestigation@illinois.gov. Please do not contact the EEOC.**
ILLINOIS DEPARTMENT OF HUMAN RIGHTS
PRE1_EEOC 30/Rev. 5/25



**CC: Wayfarer Foundation / Wayfarer Pathways C/O Chief Executive Officer**
350 Linden Ave
Wilmette IL 60091

# EXHIBIT 2

EXHIBIT 2


In-house
Outsourced
President (Steve)
Values/Strategy (Layli)
Steve's Executive Manager (Brooke)
Operations Coordinator (Tara)
Spiritual Activities Coordinator (Cheryl)
Companion Arts (Ford Bowers)
Wayfarer Studios (Jamey Heath)
Pathways
Director of Finance (Tony)
HR
IT (TBD)
Property Management (none in 2025)
Investments (none in 2025)
Finance Associate
Lori (benefits/Paylocity)
Legal (David)
Benefits Specialist/ Admin (?)
(talent management)
Tax Management (TBD)